SEBASTIAN BLUMLE AND CAROLINE BLUMLE v. BALTHAZ KRAMER.

(Filed September 2, 1904.)

1. NO SPECIAL NOTICE REQUIRED, When. In an action in the State of Nebraska to foreclose a real estate mortgage, where personal service has been had upon the defendants and the court has jurisdiction of the subject-matter and of the parties, and where the proceeds of the sale of the property are insufficient to satisfy the indebtedness, the court has the authority on the incoming of the order of sale to render judgment for the deficiency.

2. SUMMONS—Sufficient Notice, When. In such case, upon the motion for deficiency judgment, no service of notice of such motion is required other than the original service of summons.

3. DECISIONS OF SISTER STATE—Considered, When. In an action involving the construction of a law of a sister state, the decisions of the supreme court of such state, may be read, considered and introduced in evidence when material, when bearing upon questions of law involved in the case on trial.

4. A FINDING IS NOT A JUDGMENT. In an action in the state of Nebraska to foreclose a real estate mortgage, the finding of the court of the amount due under the mortgage is not a judgment in personam against the defendants, and is not final, but is sufficient as the basis upon which to obtain a deficiency judgment.

5. ERRORS OF FOREIGN COURTS—No Defense to Action in this Territory. In an action in this Territory upon a judgment rendered in the state of Nebraska, the defence cannot be made here that the court of such state committed error in rendering the judgment.

6. STATUTE REPEALED—With Saving Clause, What Affected. Where a statute of a sister state providing for the entry of a deficiency judgment is repealed, and at the time of such repeal there is a general saving clause statute existing which provides that whenever a statute shall be repealed such repeal shall in no manner affect any action then pending nor causes of action not in suit that accrued prior to such repeal, such repeal does not affect any action pending or any cause of action which had accrued prior to such repeal.

7. STATUTE OF LIMITATIONS—Deemed Waived, When—Cannot be Pleaded, When. In an action in a court of general jurisdiction of a sister state, to foreclose a mortgage, where the court has jurisdiction of the parties and of the subject-matter, the mortgage

is foreclosed and the return of the order of sale shows a deficiency, but no motion is made for deficiency judgment until after the statute of limitations has run, and such statute of limitations is not pleaded in defence to the application for deficiency judgment, the statute will be deemed to have been waived; and in any event, it could not amount to more than a mere error in the action of the trial court, and such statute of limitations cannot be pleaded in defence to an action in this Territory upon such foreign judgment.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Benj. F. Burwell, Trial Judge.*

*M. Felton* and *G. A. Paul,* for plaintiffs in error.

*H. H. Howard,* for defendant in error.

### STATEMENT OF FACTS.

October 19, 1889, plaintiffs in error gave defendant in error their note for $1000.00, secured by mortgage on real estate in Douglas county, Nebraska. June 13, 1896, suit was brought to foreclose the mortgage. Summons was issued and personal service had upon both defendants. A decree of foreclosure was entered October 27, 1896. Stay of execution was had for nine months. On July 29, 1897, at the expiration of the stay of execution, an order of sale was issued, and return made September 15th. Sale was confirmed October 9, 1897. After applying the proceeds of the sale to the debt there was a deficiency in the sum of $579.75. April 2, 1902, plaintiffs in error removed from the State of Nebraska to the Territory of Oklahoma, and have since that time resided here. September 27, 1902, application for deficiency judgment was made. The motion and notice was served on plaintiffs in error in Oklahoma City, and on their attorney in Omaha. On this application, deficiency judg-

ment was entered October 22, 1902 for $868.58, being the deficiency on the original indebtedness and the interest. Suit was brought upon this deficiency judgment in Oklahoma county and judgment rendered therein against the plaintiffs in error for the sum of $898.30 debt and $22.00 costs. From this judgment the plaintiffs in error appeal and assign several different propositions of error.

Opinion of the court by

PANCOAST, J.: About five different propositions are argued in the brief of plaintiffs in error. The first one is that at the time the proceedings were taken to obtain the deficiency judgment in Nebraska, the plaintiffs in error had ceased to reside therein, and were residing in the Territory of Oklahoma, consequently the Nebraska court had no jurisdiction to render the deficiency judgment sued on in this case.

It is no doubt true that the notice served upon plaintiffs in error that an application would be made for a deficiency judgment, being served outside of the state of Nebraska, was a nullity, as no such service could give the Nebraska court any jurisdiction of the person of the defendants. The service upon the attorney of record likewise would be valueless unless there was some statutory provision which authorized such service. None such has been pointed out. An examination of the Nebraska statutes does not disclose any provision for such service. The service, therefore, must be treated as a nullity, and the jurisdiction of the court must be sustained upon some other ground, or the court will be held to be without jurisdiction of the person of the defendants in that suit, being the plaintiffs in error in this case.

Personal service was had in the original action, and the court had jurisdiction of the person and of the subject-matter of the suit. The supreme court of the state of Nebraska in the case of *Graves v. McFarlin,* 79 N. W. 707, holds that the statute which gives the right to a court to enter a deficiency judgment in an action to foreclose a mortgage, does not require any special notice to be given of the application for such judgment; that the original summons gives the court jurisdiction of the parties, and that no further notice is required.

We think this view is correct. Under the law as it then existed in Nebraska in an action to foreclose a mortgage, the plaintiff was not entitled to a general judgment, but there was a provision of the statute which gave the court the power, on the incoming of the return of the order of sale and upon application of the plaintiff, to enter a deficiency judgment against the defendant, if the property did not sell for an amount sufficient to satisfy the entire indebtedness. This could only be done after the return was entered, as, under that practice, a general judgment upon a debt could not be entered as is done under the practice in Oklahoma. No provision is made for any notice to be given of the application to enter a deficiency judgment, and the court having jurisdiction of the parties and of the subject-matter of the suit, could rightfully make any order necessary to a final determination of the suit.

The second error complained of is that the court admitted certain decisions found in volumes 79 and 86 of the Northwestern Reporter as the decisions of the supreme court of the State of Nebraska, bearing on questions in-

volved. This objection is without merit. These decisions were proven to be decisions of the supreme court of Nebraska. They are the law of that state as expressed by the supreme court, and were properly introduced in evidence. (Wilson's Statutes, sec. 4557).

The third contention is that the judgment upon which the deficiency judgment was obtained in Nebraska was a final judgment, and concluded the parties and the subject-matter therein determined; that this final judgment gave no authority for a subsequent proceeding to obtain a deficiency judgment.

If there ever was anything in this contention, it should have been made in the Nebraska court in defence to the application for a deficiency judgment. It is too late to make that defence here. This court cannot and certainly will not attempt to correct an error of the Nebraska court, if any error there be. But there was no error in the action of the Nebraska court. A mortgage was foreclosed, a sale was made of the mortgaged property, and it did not bring a sufficient amount to pay the indebtedness. Under the statute of that state, no judgment *in personam* could be rendered until after the property was sold. A finding was made of the amount of the indebtedness, and then upon the incoming of the order of sale, when it was found that the property did not sell for sufficient to pay the indebtedness, under the law and the practice a deficiency judgment could be rendered for the amount, and such judgment could not be rendered until it was determined that there was a deficiency.

The fourth proposition contended for is that the statute

of Nebraska authorizing the entry of a deficiency judgment had been repealed prior to the entry of the judgment sued upon. Not considering the proposition that the repeal of such statute might be held as impairing the obligation of the contract, were it not for the saving clause statute which existed at the time of the repeal of the deficiency judgment statute, this contention might be worthy of some consideration. If, however, the Nebraska court entered a judgment excessive in amount, the error cannot be corrected here. The remedy would be by an appeal from such judgment. The court having jurisdiction of the subject-matter and of the parties, the judgment would not be void; it would be simply an error, which could only be corrected by appeal; but beyond that, the court had authority to enter the judgment. At the time of the repeal of the deficiency judgment statute, there was another general statute existing in that state which provides that:

"Whenever a statute shall be repealed, such repeal shall in no manner affect any action then pending, nor causes of action not in suit that accrued prior to such repeal, except as may be provided in such repealing statute."

Now, whether we consider the suit as pending from the time it was instituted until the deficiency judgment was entered or not, it was certainly a cause of action which had accrued prior to the repeal of such statute, and the repeal of the deficiency judgment would not affect the rights of the parties in this case, for, by the saving clause statute it was excepted from the effect of the repeal. (*Hanscom v. Meyer,* 79 N. W. 708).

The fifth contention is that the action is barred by the statute of limitations. The statute of limitations which

plaintiffs in error claim affects the parties here, is the five year statute, which is claimed to have run between the time of the confirmation of sale and the application for deficiency judgment. If there ever was anything in this contention, it cannot be raised here, because the statute of limitations is a matter which may be waived, and if waived, a valid judgment may be rendered upon the indebtedness, even though it is barred by the statute of limitations. If the plaintiffs in error in defense of the application for the deficiency judgment in the Nebraska court had set up the statute of limitations, that court might very properly have adjudicated the matter between the parties, but having failed to make that defense or to raise that question, they will be deemed to have waived it. Certainly no such defense, even if good there in defense of the entry of the deficiency judgment, could be made here in defense to an action upon a foreign judgment. The only statute of limitations that could ever affect the judgment sued on is the one pertaining to the time within which suits may be brought upon foreign judgments.

A reference is made in the brief of plaintiffs in error to the law of Nebraska governing dormant judgments, but such statute in no way affects this case. There is no attempt here to revive a dormant judgment. This is a suit pure and simple upon a foreign judgment. But again we state if any such statutes were applicable, and if any such defense could be made, it should have been made in the Nebraska court when the application was made for the deficiency judgment. Having failed to appear there and assert their rights, if any they had, such rights were waived. If

the court there had made any erroneous rulings or entered any erroneous judgment the remedy was by appeal, and no such erroneous rulings or errors, where the jurisdiction of the court over the parties or the subject-matter is not involved, can be considered here in an action upon a foreign judgment.

A careful examination of the record disclosing no error of the trial court, the judgment of the court below is affirmed.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.