BLOCKER ET AL VS MCLENDON, ET AL.

Opinion rendered November 24, 1906.

(98 S. W. Rep. 166).

1. *Landlord and Tenant—Possession, How Recovered.*

There is nothing in the law to prevent plaintiff from bringing an action of ejectment against his tenant after the term has expired, if he so desires.

2. *Same—Ejectment—Proof of Title—Notice.*

If a landlord brings ejectment he cannot show title by proving that the tenant recognized him as his landlord. He must allege and prove his title. In ejectment proof of notice to quit is not essential.

3. *Continuances—Surprise.*

A motion by defendants for a continuance was based on the grounds of absent witnesses and the motion set out what the witnesses would testify if present, which evidence was introduced by defendants on the trial. *Held;* No error in denying said motion. Defendants got all they were entitled to.

4. *Bills of Sale,—Transfer of Indian Lands By.*

Instruments transferring the right of possession to Indian lands, have always been regarded more in the nature of bills of sale and as such need not be acknowledged or recorded.

5. *Limitation of Action—Must be Pleaded.*

One who relies upon the statutes of limitations as a defense must plead it, or it will not avail.

6. *Indians—Transfer By To Whiteman.*

A transfer of the possessory right to tribal lands from an Indian to a white man, conveys nothing and is absolutely void.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, May 14, 1902.

Ejectment by James W. McClendon and others against Ada H. Blocker and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

This is an action of ejectment, brought by James W. and Katherine McClendon, citizens of the Choctaw Nation, against Abner Blocker, Mrs. Josephine Blocker, W. H. Gibson, and C. L. Williams, for the possession of a tract of land in the Chickasaw Nation. The complaint was filed November 27, 1900. It alleges that plaintiffs acquired the land in controversy and the improvements thereon by purchase of the Indian right of occupancy; that defendants were served with notice to vacate the premises in November, 1899, but failed and refused to surrender possession. An amended complaint

was filed May 12, 1902, in which judgment was asked for the rental value of the premises for the years 1900 and 1901.. The defendants Josephine Blocker, Gibson, and Williams filed disclaimer, and Ada H. Blocker, wife of Abner Blocker, by leave of court, was made party defendant, and jointly with E. R. Blocker, administrator of the estate of Abner Blocker (who had died pending the litigation), filed their answer, denying plaintiffs' allegations of ownership, and setting up title in the defendant Ada H. Blocker. Verdict and judgment for plaintiffs (appellees here) for possession of the premises and $500 damages.

*W. H. Murray* and *Herbert, Walker & Cannon*, for appellants.

*J. G. Ralls* and *J. W. Jones*, for appellees.

CLAYTON, J. (after stating the facts). Appellants ask this court to reverse the judgment of the court below because the complaint is one of unlawful detainer, and not of ejectment; and, as the proof fails to sustain the allegation as to notice to vacate, it is urged that the action of unlawful detainer cannot be maintained. But a reference to the complaint clearly shows this to be purely an action of ejectment. The complaint, it is true, alleges that some of the defendants had recognized the plaintiffs as their landlord; but the action is based, not in the termination of the tenancy, but on the title of the plaintiffs to the land. There is nothing in the law to prevent a landlord from bringing an action of ejectment against his tenant after the term has expired, if he so desires. But, if he brings ejectment, he cannot show title by proving that the tenant recognized him as his landlord. He must allege and prove his title. And this was done in the case at bar. Plaintiffs did not rely upon the tenancy to establish

their title, but they alleged from whom and how they had acquired title, and met the allegation with proof. In ejectment, notice to quit is not essential, and there is nothing in this contention of appellees.

Error is assigned to the action of the trial court in overruling defendants' motion for continuance. It is claimed that defendants were surprised by the filing of the amended complaint, and that a continuance should have been granted in order to give them an opportunity to meet the new issues presented. A reference to the motion for continuance shows that a continuance was not asked for on the ground of surprise. It was based on the ground of absent witnesses, and the motion set out what the witnesses would testify, if present; and this evidence, as contained in the motion for continuance, was introduced by defendants on the trial. This was all that defendants were entitled to.

Objection is taken to the introduction of certain evidences of title by plaintiffs, because they were not acknowledged and recorded. On this point it is sufficient to say that these instruments, transferring the right of possession to Indian lands from one Indian to another, have always been regarded more in the nature of bills of sale, and as such they need be neither acknowledged nor recorded.

Error is assigned to the action of the trial court in refusing to instruct the jury that, if the defendants had been in possession of the premises for three years prior to the institution of the suit, plaintiffs cannot recover. The defendants in their answer did not plead the statute of limitations, and therefore the question was not in the case and the court properly refused the instruction. Riley vs Norman, 39 Ark. 158.

. It is further urged by the defendants that one of the parties through whom the plaintiffs claim title was a white man, and therefore could not take the Indian title, and pass it to the plaintiffs. The proof shows that E. C. Bell bought the property from Charles Hays, and afterwards reconveyed it to Hays. At the time of the purchase Bell claimed to be an Indian, but it was shown that his citizenship was denied. If 'Bell, being a white man, could not take title, then the conveyance from Hays to him was void, and left the title in Hays as completely as if the deed had never been made. And as the plaintiffs, who are admitted citizens, obtained their title from Hays, the attempted sale to Bell would have no effect upon their title.

Let the judgment of the court below be affirmed.