## ST. LOUIS & S. F. R. CO. v. BLOOM.

No. 2695. Opinion Filed August 6, 1913.

(134 Pac. 432.)

1.  **LIMITATION OF ACTIONS**—Pleading—Necessity. The defense of the statute of limitations, where it is not pleaded, is deemed to be waived.

2.  **TRIAL**—Directing Verdict. Where there is no competent evidence offered at the trial by plaintiff in support of the allegations of his petition, it is error for the court to refuse to direct a verdict for defendant.

Opinion of the Court.

3.   **WITNESSES—Competency—Husband and Wife.**   Husband and wife are incompetent to testify for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties or have a joint interest in the action.

(Syllabus by Robertson, C.)

*Error from County Court, Hughes County;*
*P. W. Gardner, Judge.*

Action by Isaac Bloom against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiff in error.

Opinion by ROBERTSON, C. The plaintiff's petition contains six counts; but at the trial the court refused to submit the first, third, and fifth counts to the jury. On the second, fourth, and sixth counts the jury returned a verdict for $123.95, upon which judgment was entered for the plaintiff for that amount, and the defendant brings this appeal to reverse said judgment.

The second count alleges substantially that a certain lot of merchandise was delivered to the defendant at St. Louis, Mo., on the 25th day of October, 1905, consigned to the plaintiff at Holdenville, Okla., by Butler Bros., consignors; the said merchandise was transported to Holdenville, but the same was damaged, broken, and destroyed to the extent of $116.75, for which he prayed judgment.

In count 4 it is alleged that on the 22d day of April, 1907, certain goods and merchandise, to wit, two cases of shoes, were delivered to the defendant or some of defendant's connecting lines at Boston, Mass., by Herman & Co., consignors, and consigned to the plaintiff at Holdenville, Okla. The said shoes were of the actual value of $81.12; that they were lost, destroyed, or stolen while in the possession of the defendant as common carrier while transporting the same to plaintiff at Holdenville, and while they were in transit.

The sixth count charges that on the 29th day of July, 1907, there was delivered to defendant at Memphis, Tenn., and con-

signed to the plaintiff at Kiefer, Okla., certain goods and merchandise; that said goods and merchandise while in possession of the defendant, acting as common carrier, and while the same were in transit, as aforesaid, were lost.

The defendant's separate answer to the second, fourth, and sixth counts was, first, general denial; and, second, statute of limitations. Trial was had on the 15th day of August, 1910, and a verdict was returned in favor of the plaintiff for $123.95, as aforesaid, upon which judgment was entered.

The defendant below, plaintiff in error here, relies upon seven specifications of error, the first and second of which may be considered together, inasmuch as they have to do with the plea of the statute of limitation.

At the trial in the court below, on August 15, 1910, the defendant had on file an amended answer, one paragraph of which consisted of a denial of liability by reason of the statute of limitations. At the beginning of the trial counsel for defendant asked, and obtained, leave of court to withdraw that part of its answer setting up the defense of the statute of limitations. Defendant, however, immediately thereafter objected to the introduction of any testimony under the second count of plaintiff's petition, for that the same did not state facts sufficient to constitute a cause of action in favor of plaintiff and against defendant; this objection was overruled by the court, and under this assignment of error defendant attempts to predicate error by raising the statute of limitations as a full and complete defense to plaintiff's cause of action. This defense cannot be raised in such manner. The defense of the statute of limitations, where it is not pleaded, is deemed to be waived. *Blumle v. Kramer*, 14 Okla. 366, 79 Pac. 215. One who relies upon the statute of limitations as a defense must plead it. *Blocker v. McLendon*, 6 Ind. T. 481, 98 S. W. 166. It is evident from the state of the pleadings in this case that defendant voluntarily abandoned its defense of the statute of limitations, leastwise it waived the same, and therefore will not be heard to urge the same here for the first time.

Aside from this,· under the authority of *Hale v. St. L. & S. F. R. Co., post,* 134 Pac. 949, the defendant, being a foreign corporation, is not entitled to the benefit of the defense provided by the statute of limitations, and for that reason alone there was no error in the ruling of the court on this question.   In the syllabus of that case it is said:

"The general policy of the state to require nonresident corporations to become resident persons, by a compliance with section 43, art. 9, of the Constitution (section 260, Williams' Ann. Ed.), in order that the state may regulate and control same in intrastate matters, and in order that all intrastate controversies between such corporations and citizens of the state, whatever the amount involved may be, shall be determined under the laws of the state and adjudicated by the courts of the state, is paramount to a contingent statute authorizing service of process on local agents, where the corporations have refused to comply with the law.   And when such corporations refuse to submit themselves to the law and persist in doing business within the state in violation of such state policy, they cannot avail themselves of the benefits of a statute of limitations, enacted for the exclusive benefit of resident citizens."

It therefore follows that this assignment of error must fail.

The third specification of error is that the court erred in refusing to direct a verdict for the defendant upon the fourth count of plaintiff's petition.   At the close of the evidence the defendant requested the court to instruct the jury to return a verdict upon the fourth count of plaintiff's petition, which request was denied, and exceptions allowed to the defendant.   It is insisted by the defendant that this request should have been granted, for the reason that the plaintiff failed to show that the shipment of shoes alleged to have been lost was ever delivered to the defendant or any connecting carrier.   A careful search of the record proves this contention to be correct.   All of the plaintiff's evidence on this point is to be found on pages 32, 33, 71, and 72 of the record, and there is not a word therein to show that the shipment was ever delivered to the defendant or to any of its connecting carriers.   Before the defendant could be charged with the loss of the goods, it was incumbent on the plaintiff to show that it or some of its connecting carriers had received the

same. The plaintiff's wife at the trial below identified an expense bill describing these goods, and called it a bill of lading. Ordinarily a bill of lading would have been sufficient evidence to have taken the question of the receipt of the goods by the carrier to the jury. In this case it was denied that the defendant or its connecting carriers ever received the goods. Had the instrument identified by Mrs. Bloom as a bill of lading, and which was introduced in evidence, been in fact a bill of lading, showing receipt of goods and routing over defendant's lines, it might have been sufficient, in the absence of a showing to the contrary, to have taken the case to the jury on that question; but the instrument identified as Exhibit 4 by Mrs. Bloom and introduced in evidence was not a bill of lading, it was nothing more than an ordinary "expense bill," it did not purport to show receipt of goods by the defendant carrier. This is the only evidence in the record which tends in anywise to connect the carrier with the receipt of the goods complained of, and it certainly is insufficient to support a verdict. If there was any evidence at all reasonably tending to show in any way the receipt and acceptance of the goods by the carrier or by any of its connecting lines for the purpose of transportation, the verdict of the jury would not be disturbed in this court; but the rule is different where there is total absence of proof on the subject. The court should have sustained the motion of defendant to direct a verdict on the fourth count, and its failure to do so was error.

The next assignment embraces errors of law occurring at the trial and excepted to by the defendant. The principal point complained of under this specification is the incompetency of Mrs. Bloom to testify as a witness in behalf of her husband. This necessitates a review of all her testimony, and from a consideration thereof we are led to believe that prejudicial error was committed by the trial court in permitting her to testify. The following questions and answers serve to show that she was not a competent witness, under the provisions of section 5050, Rev. Laws 1910, which were in force at the time of this trial:

"Q. Are you his wife? A. Yes, sir. Q. Were you working in his place of business here in Holdenville, while he was running

a store? A. Yes, sir; I used to help him in the store a little. * * * Q. What authority did your husband give you to represent him to act as his agent in and around the store? (Defendant objects. Objection overruled.) A. I would like to have you explain what you mean. Do you mean working in the store, because I have got to work? ·Q. I mean what authority did he give you to work around the store there? A. I just thought he needed help. Q. What authority did he give you to do that work? A. He didn't give me any authority at all. I · don't know what you mean. Q. You know what authority means, don't you? A. No, sir; I don't. Q. Did your husband allow you to work in and around the store there, and represent him as his agent? (No answer.) * * * Q. Did he or did he not direct you to receive any merchandise that might come in? A. I had to help him along; he didn't have any clerk."

The above is a fair sample, in fact it comprises a goodly portion, of her testimony. She testified to nothing that would warrant the court in holding that she was her husband's agent for the purpose of buying goods, receiving goods, or paying bills; neither did her husband or any other witness qualify as an agent. Her competency as a witness depended upon the relation of principal and agent, and, no such relationship having been shown, it follows that she was an incompetent witness, and the admission of her testimony was prejudicial to defendant's interest.

Subdivision third of section 5050, Rev. Laws 1910, provides that husband and wife shall be incompetent to testify for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action, etc. The testimony of Mrs. Bloom did not come within any of the provisions or exceptions to this section, and was therefore incompetent. It is unnecessary to give further consideration to the remaining assignments.

For the reasons hereinabove given, the judgment should be reversed.

By the Court: It is so ordered.