## BUCHNER v. BAKER.

No. 7397—Opinion Filed July 11, 1916.

Rehearing Denied Sept. 19, 1916. Further

Rehearing Denied May 15, 1917.

(164 Pac. 659.)

**Limitation of Actions — Pleading—Statute— Necessity.**

Where the defendant answers by a general denial and does not demur at any stage of the proceedings, the statute of limitations is not available to him as a defense.

(Syllabus by Burford, C.)

Error from District Court, Hughes County; John Caruthers, Judge.

Action by F. L. Baker against Al Buchner to recover for breach of covenants of a warranty deed. From a judgment for plaintiff, defendant appeals. Affirmed.

Mann & Diamond, for plaintiff in error.

J. L. Skinner, for defendant in error.

Opinion by BURFORD, C. This suit was instituted by F. L. Baker to recover damages from Al Buchner arising from the breach of the covenants of a warranty deed. The defendant demurred to the original petition. The plaintiff then filed an amended petition. Defendant did not demur to the amended petition, but filed an answer which was a general denial. The record does not show that there was any objection or demurrer made at the trial. The plaintiff introduced his evidence, and the defendant rested without introducing any evidence. The court gave judgment for the plaintiff.

The sole assignment of error is that the court erred in rendering judgment for the plaintiff for the reason that the petition shows on its face that the alleged cause of action was barred by the statute of limitation. This defense is not available to the defendant. The statute of limitation is a personal plea, and, unless raised by demurrer or proper objection where shown on the face of the proceedings, it must be pleaded or the party will be deemed to have waived it. Blumle v. Kramer, 14 Okla. 366, 79 Pac. 215; St. L. & F. R. Co. v. Bloom, 39 Okla. 78, 134 Pac. 432.

The authorities cited by plaintiff in error to the effect that the question of the statute of limitations may be raised by demurrer, where sufficient facts to show that the action is barred appear upon the face of the petition, are not applicable here, for the very sufficient reason that counsel did not demur to the amended petition.

The cause is affirmed.

By the Court: It is so ordered.