Alice C. W. Stamper, F. Hiner Dale, and Hughes & Dickson, for defendant in error.

HEFNER, J. This case involves the contest of a will, and the contest arises over the will of James Lemaster, deceased. All the property of decedent was willed to Mrs. Maude L. Yates, a widow who was in no wise related to him. Testator was a bachelor and left surviving him as his heirs a nephew and a married sister. The basis of the contest is mental incapacity of testator and that the execution of the will was induced by undue influence. The will was admitted to probate in the county court of Texas county. Contestant appealed to the district court, where it was likewise admitted to probate.

The main assignment of error is that the judgment is against the clear weight of the evidence. There is a conflict in the evidence. Contestant testified that in his opinion deceased was of unsound mind at the time of the execution of the will and for several years prior thereto. Several witnesses also testified to certain facts and circumstances tending to show that testator for several months prior to his death was mentally unbalanced. The doctor who treated the deceased during his last illness testified that he was mentally normal. His nurse also so testified. In addition thereto, numerous lay witnesses who knew testator intimately testified that he was mentally normal at the date of the execution of the will. The trial court submitted the question of the deceased's mental capacity to the jury. Its finding was that he was of sound mind at the time he executed the will. The trial court adopted this finding. We are convinced that the same is sufficiently supported by the evidence.

In the case of Matteson v. James, 131 Okla. 142, 268 Pac. 296, this court announced the following rule:

"When the testator, in making a will, understands the nature and consequence of his acts, and is free from duress, menace, fraud, and undue influence, he has 'testamentary capacity'."

The evidence falls short of establishing that at the time of making the will deceased did not understand the nature and consequences of his act, and contestant must therefore fail on this ground of his contest.

We are also of the opinion that the evidence is insufficient to support the contention of contestant that the execution of the will was induced through undue influence. Contestant relies on the following circumstances to establish duress: The will was executed about four days prior to the death of testator and at the home of Mrs. Yates, the beneficiary. He had known Mrs. Yates and her husband for about 20 years and had visited in the family prior to the death of Mr. Yates and had visited with Mrs. Yates on frequent occasions after the death of her husband. During the lifetime of Mr. Yates he leased from him a wagon yard in the town of Texhoma and after his death purchased the same from his estate through the county court of Texas county. He was operating the wagon yard at the time of his death. When he first took seriously sick Mrs. Yates had him removed to her home and cared for him until his death. She also, at the request of testator, called his banker, Mr. Littell, for the purpose of having a will drafted. The will was then drafted by a person suggested by Mr. Littell. Contestant also proved that on one occasion Mrs. Yates borrowed $500 from testator. This is, in substance, the evidence upon which contestant relies to establish undue influence. The most that can be said of it is that it indicates that the beneficiary was in a position to assert influence over deceased, but there is no evidence which tends to establish that she attempted to do so.

Judgment is affirmed.

RILEY, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and McNEILL, J., absent.

**ALLES & BOON et al. v. GRUBBS.**

No. 19949. Opinion Filed May 5, 1931.

Thos. A. Higgins, for plaintiffs in error.

Walter Mathews, for defendant in error.

LESTER. C. J. The parties on appeal appear in the reverse order to that in the district court. and for convenience will be herein referred to as they appeared there.

The plaintiff brought an action in the district court of Payne county, Okla., seeking recovery of damages in the sum of $435 by reason of the breach of a warranty of title to a certain automobile.

The defendants filed a demurrer to plaintiff's petition, which was by the court over-ruled. An examination of the petition shows there was no error in the court overruling the demurrer of the defendants. Thereafter the defendants filed a general denial and alleged other facts.

The assignments of error are substantially as follows:

(1) The court erred in overruling the demurrer of the defendants to the petition, to which the defendants excepted.

(2) The court erred in overruling the demurrer of the defendants to testimony of the plaintiff at the close of the plaintiff's case, to which the defendants excepted.

(3) The court erred in giving instructions Nos. 2, 3, 4, 5, and 6, to which the defendants and each of them reserved exceptions.

(4) The court erred in overruling the defendants' motion for new trial, to which the defendants excepted.

As shown by the record, the primary facts are as follows:

It appears that the defendants were in partnership engaged in the sale of new and second-hand automobiles in the town of Cushing, Okla.; that they employed one E. T. Trout as the agent and salesman, and he was so engaged long prior to and during the transaction herein involved; he was employed to sell automobiles for the said partnership on the date mentioned, and as such salesman he sold to the plaintiff a certain Maxwell two-passenger automobile; that the defendants warranted title to the same; that thereafter, on or about the 12th day of February. 1926. said automobile was taken from the plaintiff by virtue of a certain chattel mortgage which was in full force and effect at the time the plaintiff purchased said car from the defendants; that the said defendants failed to protect title to the said automobile and that the plaintiff by virtue of said chattel mortgage lost the value and use of said car he had so purchased from the defendants; that said car at the time it was taken from the plaintiff was of the reasonable market value of $435.

The defendants in their answer state and allege that the said saleman was acting on his own behalf, and that the defendants did not bargain or sell said car and that they were in no manner liable for the value of said car.

One of the grounds set forth in the demurrer of the defendants was that of the statute of limitations. The overruling of the demurrer is assigned as one of the grounds for error committed by the trial court. This contention cannot be sustained,

for the reason that the petition must clearly show that the action is barred by the statute of limitations, and one seeking the benefit of the statute of limitations must specially plead the statute of limitations in order to receive the benefit thereof.

In the case of Betz v. Wilson, 17 Okla. 383, 87 Pac. 844, this court held:

"Where the pleadings, on their face, do not show that the cause of action is barred by the statute of limitations, the statute is not available as a defense to the action unless it is specially pleaded."

Upon trial of the case, proof was conflicting as to whether or not Trout was the agent and salesman of the defendants. The court submitted instructions consistent with the proof adduced upon the trial on the question of agency. The jury found the issues in favor of the plaintiff.

In the case of Brownell v. Moorehead, 65 Okla. 218, 165 Pac. 408, this court said:

"A continuing agency may be proven by facts and circumstances tending to show the existence of such agency both prior and subsequent to the date of the transaction. Such facts and circumstances may properly include specific instances of conduct when such instances are sufficiently numerous to base thereon an inference of systematic conduct * * * as to be naturally accountable for by a system only and not a casual recurrence. The range of time preceding and subsequent to the event in question, within which such instances should have occurred in order to be admissible in evidence, is generally a matter in the judicial discretion of the trial court. Such circumstantial evidence is admissible even though there be direct testimony denying the existence of the agency."

There being a sharp conflict in the evidence, the jury having found in favor of the plaintiff and this being a civil action triable to the jury, where there is any competent evidence reasonably tending to support the verdict of the jury, and no prejudicial error of law shown in the instructions of the court, the verdict and finding of the jury will not be disturbed on appeal. Neary, Adm'r, et al. v. Etenburn et al., 87 Okla. 259, 209 Pac. 649.

Upon examination of the record, including the instructions of the court, we think the case was fairly submitted to the jury, and we do not find any reversible error in the trial of said cause, and the same is, therefore, affirmed.

HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.