## DEVONIAN OIL CORPORATION v. HURT.

No. 22419.   Sept. 11, 1934.

Rehearing Denied Oct. 2, 1934.

Randolph, Haver, Shirk & Bridges, for plaintiff in error.

C. D. Lewis, for defendant in error.

OSBORN, J. Plaintiff, E. E. Hurt, sued the Devonian Oil Company in the district court of Okmulgee county for damages to his land, crops, and stock arising from the pollution of a stream by salt water and oil. The cause was tried to a jury and a verdict rendered in favor of plaintiff for $1,205. From a judgment on the verdict, defendant appeals. The parties will be referred to as they appeared in the trial court.

Plaintiff charges in his petition that defendant permitted certain salt water and oil from oil wells operated by it to flow into a creek known as Euchee creek; that said creek flowed through the lands of plaintiff and furnished the water supply for plaintiff's stock; that the creek overflowed about ten acres of plaintiff's land, deposited oil and salt water thereon, and thereby damaged the land; that having no other source of supply of water for his stock, the stock drank the polluted water, and, as a result, two calves died and the remainder of the stock was damaged and depreciated in value. It is further alleged that during about nine months of each year plaintiff had been forced to drive his stock to water to another source of supply with a consequent loss of time from his work.

A number of witnesses testified as to the pollution of the stream during the time involved in the action. In fixing the damages to the land, crops, and stock, plaintiff did not testify as to the market value thereof prior to and subsequent to the injury complained of, but was allowed to estimate the damage, which, in his opinion, he had sustained. In this connection defendant contends that plaintiff failed to establish a proper measure of damages. There would be some merit in this contention if defendant had interposed an objection to the testimony in the form offered. No such objection was interposed, however, and the testimony was submitted to the jury in the form offered, under proper instructions as to the proper measure of damages, and the error was waived.

It is further pointed out by defendant that there was an open salt water well on the premises of plaintiff to which his stock had access, and the defendant contends that the jury could not tell whether the stock

was damaged from the salt water well or from the polluted stream. It was a disputed issue whether or not it was possible for the stock to drink from the well, some of the witnesses testifying that there was only a seepage of salt water from the well which soaked into the soil. This is purely a question of fact. Under the instructions of the court it was incumbent upon the jury to determine from what source the stock drank the salt water that resulted in injury, and having made such determination, based on competent evidence, its finding in this regard will not be disturbed.

It is urged that the trial court committed error in allowing a recovery of damages for a period of approximately three years, in that the action is controlled by the two year statute of limitation (sec. 101, O. S. 1931). The petition was filed July 12, 1930, and it was alleged and proved that the creek was polluted from July, 1927, to about the time of the filing of the petition. Defendant's answer consisted of a general denial. No objection was made to the evidence relating to damage sustained more than two years prior to the filing of the petition. It is well settled that the defense of statutes of limitation must be affirmatively pleaded to be available. Mc-Grath v. Durham, 151 Okla. 55, 1 P. (2d) 718; Alles & Boon v. Grubbs, 148 Okla. 301, 298 P. 1049; Citizens First National Bank v. Whiting, 112 Okla. 221, 240 P. 641; Polson v. Revard, 104 Okla. 279, 232 P. 435; Morrissey v. Shriver, 88 Okla. 269, 214 P. 702; Buchner v. Baker, 65 Okla. 130, 164 P. 659; St. L. & S. F. Ry. Co. v. Bloom, 39 Okla. 78, 134 P. 432. In line with these authorities, the defense of statute of limitations was waived and cannot be raised here for the first time.

Defendant complains of certain instructions given by the court. The court quoted in his instructions section 11580, O. S. 1931 (7969, C. O. S. 1921), and instructed the jury that permitting oil and salt water to flow into a stream used for watering stock constitutes negligence. The giving of such instruction is justified by the provisions of the statute as construed in the cases of Comanche Drilling Co. v. Shamrock Oil & Gas Co., 122 Okla. 253, 254 P. 20; Owen-Osage Oil & Gas Co. v. Long, 104 Okla. 242, 231 P. 296. The court further instructed the jury that if they found that the stock had depreciated in value, they must believe from the evidence that the depreciation of value was the direct result of drinking the polluted water and not from any other cause,

in order to justify a verdict for plaintiff. The measure of damage was properly defined.

No contributory negligence was pleaded or proved. Other assignments of error have been examined and are without merit.

The judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.