VENMEX OIL CO. v. THOMAS.

No. 29805.  Sept. 30, 1941.

*117 P. 2d 540.*

L. A. Winans and Robert E. Owens, both of Duncan, for plaintiff in error.

H. B. Lockett, of Duncan, for defendant in error.

HURST, J. This is an action by the plaintiff, C. E. Thomas, to recover from the defendant, Venmex Oil Company, damages to his livestock and pasturage caused by salt water and refuse oil flowing over land he occupied as a tenant from defendant's producing oil and gas lease. From a judgment rendered on a verdict for the plaintiff for $650 actual damages and $100 exemplary damages, the defendant appeals.

1. In the first and fifth contentions defendant asserts that there is a fatal variance between plaintiff's pleading and proof. It argues that plaintiff's petition alleged damages to his stock due to the pollution of stock water on the land occupied by him, while his proof showed that no stock water was polluted.

By section 245, O. S. 1931, 12 O. S. A. § 311, no variance between the pleading and proof is to be deemed material "unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon its merits." The petition charged, and the evidence adduced tended to prove, that plaintiff's livestock was injured by drinking water containing salt, oil, and similar substances, which escaped from the producing wells on defendant's leases, and flowed upon the land occupied by plaintiff. The witnesses testified to the flow of this polluted water into various ravines and into a creek or branch upon plaintiff's premises. Defendant was sufficiently advised that plaintiff claimed damages for the injury and loss of his stock occasioned by their consumption of such polluted water. Thus the variance, if any, did not mislead it. Chase v. Andrews, 145 Okla. 300, 291 P. 114.

2. The defendant next contends that its demurrer to the evidence should have been sustained (a) because the plaintiff's claim was barred by the statute of limitations, (b) because the lessee of the oil rights under the land occupied by the plaintiff permitted polluted substances to flow from its wells on said premises and into the creek or branch thereon, and (c) that plaintiff knew of the existence of conditions complained of before he rented the land, and is therefore one "coming to a nuisance." The defendant did not plead any of these defenses. In its answer it admitted that it was operating a lease upon a described tract and denied that plaintiff suffered any damage as result of its operation on such lease.

(a) The petition itemizes the damages and alleged the loss of one horse in 1936 of the value of $75, and the decrease in milk production to the extent of $100 during the years of 1935 and 1936. The other items of damage were alleged to have occurred in 1937 and 1938, or the date was not given in the petition. This action was commenced on February 11, 1939.

The question then is whether when certain items of damage are alleged to have been sustained more than two years prior to the filing of a tort action, a defendant can for the first time by a demurrer to the evidence raise the question of the statute of limitations. We think this question must be answered in the negative.

We are committed to the rule that "the statute of limitations must be pleaded by the party asserting it, and where not pleaded is waived." Morrissey v. Shriver, 88 Okla. 269, 214 P. 702. See, also, Buckner v. Baker, 65 Okla. 130, 164 P. 659. This rule applies generally in the other Code states. See Bancroft Code Pleading, § 239; Pomeroy's Code Remedies (4th Ed.) §§ 589, 590; Bliss on Code Pleading (3rd Ed.) § 355; 37 C. J. 1213; 17 R. C. L. 881. We have held that the defense of limitations may be raised, when it is shown on the face of the petition, by a general demurrer (Berry Drygoods Co. v. Ward, 120 Okla. 11, 249 P. 916; Martin v. Gassert, 40 Okla. 608, 139 P. 1141), by a special demurrer (Froage v. Webb, 65 Okla. 149, 165 P. 150), or by an objection to the introduction of evidence

on the ground that it was barred by statute of limitations (Martin v. Gassert, supra; Brant v. Brankle, 82 Okla. 144, 198 P. 844). We have also held that an answer specially pleading the statute of limitations as to a single cause of action is a good plea as to only a portion of the items in the cause of action barred by the statute. Filtsch v. Johnson, 174 Okla. 132, 50 P. 2d 138.

The defendant having waived the defense of limitations by not urging it either by demurrer to the petition, by answer, or by objection to the introduction of evidence, it follows that he could not raise it for the first time by demurrer to the evidence. 37 C. J. 1212; Bancroft Code Pleading, § 333.

(b, c) The defenses that plaintiff's landlord contributed to the pollution, and that the plaintiff at the time he rented the land knew of the nuisance, are special defenses in the nature of the common-law plea of confession and avoidance. The allegations of the petition were silent on these questions. Such defenses are "new matter constituting a defense," as that term is used in the second subdivision of section 206, O. S. 1931, 12 O. S. A. § 272, and must be specially pleaded. Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 P. 747; Kurz v. Stafford, 135 Okla. 121, 274 P. 674; Sanders v. Matthews, 157 Okla. 223, 12 P. 2d 873. They were not raised by the answer. To be available as defenses it was necessary that the defendant specially plead them. The true rule deducible from the authorities is well stated in Bliss on Code Pleading (3rd Ed.) § 352, as follows:

"The general rule is that any fact which avoids the action, and which the plaintiff is not bound to prove in the first instance in support of it, is new matter and must be specially pleaded."

The rule is also stated in Pomeroy's Code Remedies (4th Ed.) § 549, as follows:

". . . The new matter of the Codes admits that all the material allegations of the complaint or petition are true, and consists of facts not alleged therein which destroy the right of action, and

defeat a recovery. . . . All facts which directly tend to disprove any one or more of these averments may be offered under the general denial; all facts which do not thus directly tend to disprove some one or more of these averments, but tend to establish a defense independently of them, cannot be offered under the denial; they are new matter, and must be specially pleaded."

We therefore conclude that the trial court did not commit error by overruling the demurrer to the evidence.

3. The defendant urges error in the refusal to give four requested instructions. They were properly refused. The first was predicated upon the theory that plaintiff leased the land with knowledge of its condition, which we have held was not within the issues; the second concerned the failure of plaintiff to mitigate the damage, which the evidence failed to show that he could have done in any reasonable way; the third and fourth were covered by the instructions given.

4. The defendant finally complains of the giving of instructions submitting to the jury the question of exemplary damages. There was no showing of malice, oppression, or gross negligence to warrant the submission of this question to the jury. The evidence shows that defendant did, to some extent, endeavor to prevent the flow of salt water upon plaintiff's land, and was partially successful. The giving of these instructions was error. Keener Oil & Gas Co. v. Stewart, 172 Okla. 143, 45 P. 2d 121. Examination of the record discloses that the plaintiff's evidence, if accepted as correct by the jury, established actual damages amounting to $543.

The judgment is affirmed on condition that the plaintiff, within ten days after this judgment becomes final, file a remittitur of all in excess of $543, otherwise the judgment will stand reversed. Plaintiff having asked for judgment on the supersedeas bond of defendant, it is ordered that, in the event the remittitur is filed, plaintiff recover from defendant, Venmex Oil Company, and from its surety, New Amsterdam Casualty Company, the sum of $543, with interest at

6 per cent per annum from October 19, 1939, and for costs.

CORN, V. C. J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and BAYLESS and GIBSON, JJ., dissent.

---

GIBSON, J. (dissenting). After both parties had rested, defendant demurred generally to all the evidence, and demurred specially to the evidence on the issue of pollution of the stock water.

It seems clear that the special demurrer to the evidence on the allegation of pollution of stock water should have been sustained and judgment rendered for defendant on that item. Plaintiff testified that the water had been polluted ever since he first came on the land; that defendant had not damaged any stock water; that he hadn't had any fresh water for defendant to damage.

Something is said in the opinion concerning defendant's right to prove certain defenses under the general issue. But the rule requiring that affirmative defenses be pleaded does not apply where plaintiff's own proof establishes such a defense. 49 C. J. 290. Here plaintiff's own testimony destroyed his cause for pollution of the stock water.

As to the damage to the pasture grass, there is undisputed evidence to show that the oil and gas lessee of the premises in question caused a portion of the alleged damages. There seems to be no satisfactory evidence to indicate that the defendant caused the damage. But, assuming there is some evidence in this respect, the plaintiff still failed to establish his right to recover from defendant on this particular item. To this situation should be applied the rule governing those cases where a landowner in an action for pollution fails to offer evidence whereby the court or jury may be able to separate the amount of damages caused by defendant from the amount caused by the plaintiff's own tenant who is not a party to the action. Walters v. Prairie O. & G. Co., 85 Okla. 77, 204 P. 906. The oil and gas lessee of the farm occupied by plaintiff as farm tenant and the defendant would not be joint tort-feasors in every case of pollution on said farm where their separate acts caused such pollution. It is not shown here that they were joint tort-feasors in damaging the grass. In such case the plaintiff must offer evidence whereby the damages caused by each may be separated. In the absence of such evidence the demurrer to the evidence should be sustained. Walters v. Prairie O. & G. Co., supra.

For these reasons I dissent.