## NATIONAL OIL & DEVELOPMENT CO. v. BIBLE et al.

No. 26134.    May 5, 1936.

John M. Holliman, Allan R. Shaw, Oran McCain, and Philip Kates, for plaintiff in error.

Campbell & Ray and Fred B. Woodard, for defendants in error.

PHELPS, J.    The National Oil & Development Company owned two oil and gas leases. It entered into a conditional sales contract with F. W. Freeborn, whereunder it agreed to convey the leases to him, the purchase price to be $3,000, to be paid from the entirety of the first oil runs from the wells on the leases. The agreement further provided that should the net amount paid to the company during any month from the oil runs be less than a certain amount named in the contract the buyer, Freeborn, should make up the difference in cash. It was also provided in the agreement that the National Oil & Development Company, seller, should be entitled to the surplus gas from the use of the leases until the payment of the purchase price; that the buyer, Freeborn, should have the operation of the leases, and that he should not incumber the leases nor create any liens thereon; that in case of default in the payment of any monthly installment on the purchase price the seller, National Oil & Development Company, should be entitled to retake possession and operation of the leases; that title should remain in the seller until completion of the payment of the purchase price; and that proper assignments of the leases would be delivered to the buyer, Freeborn, upon completion of the payment of the purchase price. The agreement was recorded.

Freeborn took possession of the leases and began the operation thereof under the agreement above described. In cleaning out the wells, and in causing other improvements thereon, he employed the defendants in error, certain laborers who filed their lien claims against the leasehold estate, as security for the payment for their services. In the trial court they were successful in enforcing their liens, and the National Oil & Development Company has appealed. The contention on appeal is that a materialman's or laborer's lien must arise from a contract between the lien claimant and the owner or his agent, that Freeborn was neither the owner nor the agent of the owner of the leases, and that therefore the lien claimants were not entitled to enforce their liens.

It is true that as a general rule the vendee of a leasehold estate will not be considered the agent of the owner thereof for the purpose of permitting creation of liens against the leasehold, but a clear exception to that doctrine has long been recognized by this court in cases where the lien indebtedness is created while the conditional vendee or other operator of the lease is operating it, not for his own, but for the owner's benefit. In the latter class

of cases the law looks upon the operator of the lease as the agent of the owner, for lien purposes, upon the theory that the owner will not be allowed to reap the benefits of the operation without at the same time subjecting the lease to the satisfaction of payment for that which produced the benefits. The theory of agency by operation of law in this connection is thoroughly discussed in Thacher v. International Supply Co., 176 Okla. 14, 54 P. (2d) 376, which see.

In State ex rel. v. Continental Supply Co., 137 Okla. 24, 278 P. 269, a set of facts existed which were almost identical with those of the instant case, and it was there held that the vendor and the vendee of the lease were presumed to contract with reference to the lien law, that the vendee of a vendor who is receiving benefits from the lease will be considered the agent of the vendor for the purpose of creation of liens, and that such conditional sales contracts as are involved in the instant case may not serve as instruments for evasion of the lien laws.

In Thacher v. International Supply Co., supra, it was also pointed out that satisfaction of lien claims is restricted in monetary amount to the amount of the leasehold interest to be derived by the operator of the lease, but in cases where the operator will have acquired, if anything, the full interest of the owner of the lease (as in Arkansas Fuel Oil Co. v. McDowell, 119 Okla. 77, 249 P. 717, and Nix v. Brogan, 118 Okla. 62, 251 P. 753), satisfaction of the liens is permitted against the entire leasehold estate. In this case Freeborn was to acquire the entire leasehold estate instead of a fractional interest therein. For this distinction see Thacher v. International Supply Co., supra, pp. 17-18, 54 P. (2d) 380. Under the contract in the instant case the plaintiff in error not only derived the entire income from the operation of the leases during the pendency of the contract, but upon default therein by the conditional vendee, Freeborn, the plaintiff in error became owner of such additional machinery and improvements as the vendee had placed upon the leases. Thus it appears that the plaintiff in error has received the entire benefits caused by the labor of the claimants, resulting in their liens.

Upon the authority of the decisions cited above, the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent.