## BALDWIN v. CHAPPELL.

No. 12630—Opinion Filed Sept. 23, 1924.

Rehearing Denied Dec. 16, 1924.

**1. Vendor and Purchaser—Merchantable Title—Damages Against Vendee for Failure to Accept.**

Where an enforceable contract of sale and purchase of real estate is entered into between a seller and buyer, and the seller contracts to furnish merchantable title, and thereafter in compliance with the contract tenders title, and the buyer refused to comply with the contract, completing the purchase, for the alleged reason that the title tendered is not merchantable, and the seller brings suit for damages because of the alleged breach, the seller's claim for damages for the breach should be considered unless there is some doubt or uncertainty as to whether there is a defect in the title as tendered.

**2. Same—Effect of Will on Title—Life Estate and Remainders.**

Where a will constitutes a link in the chain of title to certain real estate, and which devises to one person a life estate, and thereafter provides concerning such property, "to my son," naming him, "I give the remainder in fee" to the property, describing it, "and in case of his death before said remainder vests, then to his heirs"; and the devisees named survive the testator, and the will is probated and an order of distribution made which provides for a life estate in one and the remainder in fee in the other, and the orders become final, both the life estate and the remainder in fee become vested estates as such in the property; and a conveyance made by the life tenant, joined in by the remainderman, passes title to the real estate, where there are no defects otherwise.

**3. Disposition of Cause.**

Record examined, and held, that the judgment is not supported by the evidence; and held, that the judgment should be reversed, with directions to grant the defendant a new trial upon her cross-petition.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Beckham County; C. C. Smith, Assigned Judge.

Action by E. A. Chappell against Farmers' State Bank of Elk City and Mrs. Emma Baldwin. Judgment for plaintiff. Defendant Emma Baldwin appeals. Reversed.

A. E. Darnell, for, plaintiff in error.

G. P. Horton, for defendant in error.

Opinion by SHACKELFORD, C. The defendant in error was plaintiff in the trial court, and the plaintiff in error was a defendant. The parties will be referred to herein as they appeared in the court below.

On the 18th of September, 1920, the plaintiff and defendant Mrs. Emma Baldwin entered into a contract concerning real estate whereby plaintiff agreed to buy and the said defendant to sell a quarter section of land in Beckham county. In the contract it was agreed by Mrs. Baldwin that she would make a good merchantable title to the plaintiff within a specified time, conveying the land to him, and the plaintiff deposited $1,000 in the Farmers State Bank of Elk City to be delivered to defendant as part purchase money on her furnishing merchant-

able title as in the contract agreed, and the plaintiff agreed to pay an additional sum of $11,000 in installments. The plaintiff turned down the title, refused to complete the transaction, demanded his $1,000 from the bank, and upon refusal of the bank to turn the money back to him he filed this action against the bank for the money. The petition alleges the making of the contract, and attaches a copy thereof; that defendant's title to the land was not merchantable for the reason that she claimed under a will made by her husband, and that because of the peculiar language of the will it was uncertain where the title is vested and defendant is unable to deliver merchantable title as was agreed in the contract; that the bank withholds the $1,000 and has refused to pay it to plaintiff on demand; as to Mrs. Baldwin the petition alleges that she is claiming some interest in the money, but such claim is inferior to the plaintiff's rights and asks that she be required to set out her claim. Plaintiff prays judgment against the bank for the $1,000, and for an attorney's fee of $300, and for general relief against both defendants.

The defendant Emma Baldwin filed answer and cross-petition. The answer is, first, a general denial, and, second, affirmative allegations that the contract was enforceable and that she had complied with its terms and had tendered to plaintiff merchantable title to the land. By way of cross-petition she alleges the making of the contract, compliance with its terms upon her part, and breach thereof on the part of the plaintiff. That by reason of the breach she has been damaged in the sum of $4,000, for which she prays judgment. The bank answered to the effect that the $1,000 was placed in the bank by the parties to be held in escrow, that the bank has no interest in the money, and tenders and offers to pay it into court, and denies any liability to plaintiff for attorney's fees.

The case was called for trial on the 29th of March, 1921, a jury was waived and the cause tried to the court. The bank paid into court the $1,000 escrow money, and plaintiff dismissed the case as to the bank. The trial was had as between the defendant Emma Baldwin and the plaintiff, upon the defendant's cross-petition for damages for breach of the contract of purchase and sale of the real estate. At the close of the evidence the court rendered judgment for the plaintiff, denying the defendant any relief upon her cross-petition for damages, and directed the court clerk to pay the $1,000 escrow money to the plaintiff. The defendant Emma Baldwin prosecutes appeal

and assigns as error that the judgment for plaintiff against the defendant, denying the defendant relief upon her cross-petition, is not supported by the evidence and is contrary to the law.

The finding and judgment of the court was, in effect, a finding that the title to the land, tendered by the defendant Emma Baldwin, was not a merchantable title, or, at best was in doubt, and for that reason there was no breach of the contract entered into between the parties, and consequently defendant Baldwin was not entitled to have her claim for damages considered. The question of whether or not the title was good in Emma Baldwin, or whether she tendered good merchantable title to the plaintiff depended upon the language of a will. The land had formerly been the property of Thomas Jefferson Baldwin, the husband of Emma Baldwin. There is no question raised as to the title of Thomas Jefferson Baldwin. On the 13th of March, 1908, he made a will, and subsequently died, and the will was probated and an order of distribution made according to what was understood to be the wishes of the testator as expressed by his will. The beneficiaries under the will thought that the effect of the will, as to the property involved here, was to carve out a life estate in the property in favor of Emma Baldwin, with the remainder over to Melvin R. Baldwin, one of the sons of the testator and defendant Emma Baldwin. The title, as tendered to the plaintiff, was a joint deed from Emma Baldwin and Melvin R. Baldwin and his wife, as grantors, to the plaintiff as grantee. If on the one hand, this deed had the effect of passing title to the grantee upon its delivery the judgment was wrong, and plaintiff had breached his contract and defendant had a right to have her claim for damages considered. If, on the other hand, there was a doubt as to whether the will passed a life estate to Emma Baldwin with remainder over to Melvin R. Baldwin, the contract had not been breached and the defendant was not entitled to recover, and the judgment was correct. There is no dispute about the rights of Emma Baldwin. It is tacitly admitted, and seems certain, that the will devised to her a life estate in the property involved here. After giving to Emma Baldwin a life estate in the land, the will then provides:

"To my son, Melvin R. Baldwin, I give the remainder in fee to the southeast quarter of section three in township eleven, range twenty-one in said county; and in case of his death before said remainder vests, then to his heirs or assigns."

The. court, in making the order and decree of distribution of the Baldwin estate, decreed as follows:

"To Emma Baldwin, a life estate in the S.E. Qr. of sec. 3 in township 11 N. of range 21 W. I. M., remainder in fee to Melvin R. Baldwin, his heirs and assigns."

It seems that the decree of distribution had become final, or at least there is no question raised about it here. The defect in the title pointed out by the plaintiff is that this language is susceptible of the construction that Melvin R. Baldwin was given a contingent remainder, dependent upon his outliving his mother, Emma Baldwin, and unless he outlives his mother, the remainder can never be vested in him, or at best there is doubt about it, and therefore a deed from him cannot or may not convey title. He contends that the remainder over is not vested in Melvin R. Baldwin, and can never vest in him if he dies before Emma Baldwin dies, but the remainder will vest in the children of Melvin R. Baldwin, who will take the land, and since they do not join in the deed, the title to the remainder does not pass. This contention must of necessity be based upon the last clause of the paragraph, which reads:

"And in case of his death before said remainder vests, then to his heirs or assigns."

Reading the paragraph without the last clause, it seems that the language is plain and unmistakable: "To my son, Melvin R. Baldwin, I give the remainder in fee to" the land, describing it. The testator gave to Melvin R. Baldwin the remainder in fee at the closing of the life estate. There is no contingency expressed in this language. There is no event to happen before Melvin R. Baldwin is entitled to the remainder. This language passes the absolute right to the remainder in fee to Melvin R. Baldwin on the will taking effect, which it did on the death of the testator. There is no contingency provided in the following clause which places a limitation upon the right of Melvin R. Baldwin to take the remainder. The contingency therein expressed has to do with the heirs. The manifest purpose of the testator was to give the remainder to his son, or to his heirs. He said, in effect, "if Melvin R. Baldwin shall die prior to my death, then his heirs shall take the remainder in preference to others in the line of inheritance." If there is a contingent remainder carved out of this estate by the will, it is in favor of the heirs of Melvin R. Baldwin, and the contingency is the death of Melvin R. Baldwin prior to the death of the testator. He says, in case of Melvin R.'s death prior to his own demise, that particular property shall go to Melvin R.'s heirs. So if, in fact, Melvin R. should die before the death of the testator, then this particular piece of property would pass to and the remainder vest in the heirs of Melvin R. Baldwin. But the fact is, as appears here, that Melvin R. survived the testator, hence the contingency by which the remainder would vest in the heirs of Melvin R. can never happen; and there is no contingent remainder under the terms of the will, since Melvin R. Baldwin outlived the testator. The will provided that if Melvin R. should die before the remainder vests, that the heirs of Melvin R. should take. The law fixes when the remainder created by the will, as was created here in favor of Melvin R. Baldwin, shall vest. There is no doubt but that it vests when the will takes effect. The will passed the remainder in fee to Melvin R. Baldwin, to vest upon the death of the testator. Black defines a "remainder," as "an estate limited to take effect and be enjoyed after another estate is determined," and "an estate in remainder is one limited to be enjoyed after another estate is determined, or at any time specified in the future." The will by its terms provided for a remainder to Melvin R. Baldwin to take effect, that is, the property would pass into the possession of him, at the close of the life estate given to Mrs. Baldwin, provided he was living at the death of the testator. Then, when does it become a vested remainder? Black defines a "vested remainder" as "an estate by which a present interest passes to the party, though to be enjoyed in future, and by which the estate is invariably fixed to remain to a determinate person, after the particular estate has been spent," or, "a vested remainder is one limited to a certain person at a certain time or upon the happening of a necessary event." The particular estate which was to be "spent" is the life estate of Emma Baldwin; the "determinate person" is Melvin R. Baldwin, if he be living at the time of the death of the testator. The only contingency suggested by the language of the will is the possibility that Melvin R. Baldwin might die before the estate would vest, that is, he might die in the lifetime of the testator. But, he survived the testator, and the will went into effect, and the remainder in fee vested in Melvin R. Baldwin and destroyed any possibility of the children of Melvin R. Baldwin taking under the will. If Melvin R. Baldwin should die intestate subsequent to the death of the testator, the

owner of the vested remainder, that is, if he did not assign it, it would pass to his children and widow by. reason of the statute of descent and distribution, and not by reason of the will. These matters seem to be so elementary that citation of authority is not required. It follows, then, that upon the death of the testator there were two vested estates in the land involved in the contract of purchase and sale—a life estate in Emma Baldwin, with a vested remainder in fee in Melvin R. Baldwin. It also follows that when Emma Baldwin tendered a deed to plaintiff, executed by herself and by Melvin R. Baldwin and his wife, she was tendering a conveyance of all the title to the land. The right to convey a life estate, such as was given to Emma Baldwin, and to convey a vested remainder, such as passed to Melvin R. Baldwin, is unquestioned. Such conveyance is authorized by all the authorities. The rule is laid down in 16 Cyc. 636-7-8 H:

"Sales. By Life Tenant. A tenant for life of land may alien his life interest. * * * *"

—but is limited to that. And, in 16 Cyc. 652F:

"A vested remainder is a present interest in the property which the remainderman may convey by deed."

Section 8409, Comp. Stat. 1921, provides that a remainder may be transferred.

The plaintiff has favored us with a two page brief, in which he cites Van Riper, Exr., etc. v. Elizabeth A. Wickersham (N. J.) 76 Atl. 1020, 30 L. R. A. (N. S.) 25; and Williams v. Bricker (Kan.) 109 Pac. 998, 30 L. R. A. (N. S.) 343, which, he says, are controlling here. But he does not tell us what these cases are about, or in what way they are in point, nor does he quote a line from them. Brevity in briefing is a virtue to be commended, but even such a virtue can be carried to the extreme.

We have examined both the cases. The first is like the case at bar in that a will was involved in a contract for purchase and sale of real estate. There the similarity ends. The suit was for specific performance, and went off on a question not presented here, and we fail to see that it is in any way controlling in this case. The second case is somewhat more nearly like the case under consideration. It was a suit for damages for breach of a contract of sale and purchase of real estate, and a will was involved as a link in the chain of title, but the will under consideration in that case was a very different sort of a will. If Thomas Jefferson Baldwin, in the last clause of the paragraph giving Melvin R. Baldwin a remainder in fee, had said: "If the said Melvin R. Baldwin shall die before Emma Baldwin, then the land to be divided between his children," the will would be very similar to the will in the Williams-Bricker Case, supra. But that was not what Thomas Jefferson Baldwin said. The provision is that "in case of his death before said remainder vests, then to his heirs or assigns." We have seen that the language "before said remainder vests" must have reference to whether Melvin R. Baldwin shall outlive the testator, for unquestionably the "remainder in fee" given Melvin R. Baldwin would "vest" upon the death of the testator, contingent only upon the son outliving his father. He did outlive his father, the testator; the possibility of the remainder in fee not vesting had passed. The will in the Williams-Bricker Case, supra, might mean something very different, and what was said by the court in that case is far from being controlling here.

We think the holding of the trial court that the title tendered by the defendant was in doubt, was erroneous. The title being good, so far as the matter presented is concerned, the evidence offered upon the part of the defendant tended to show that the contract had been breached, and that defendant had sustained damages. As to what amount, the evidence is not conclusive. The judgment appealed from is not supported by the evidence, and is contrary to the law. The defendant is entitled to have a trial upon the question of her damages for the breach of the contract entered into between the plaintiff and the defendant.

We recommend that the judgment be reversed, with directions to the district court of Beckham county to set aside the judgment appealed from, and to grant the defendant a new trial upon her cross-petition.

By the Court: It is so ordered.