## NIX, Trustee, v. BROGAN et al.

No. 15055—Opinion Filed Oct. 13, 1925.

Withdrawn, Corrected and Refiled, and Rehearing Denied May 18, 1926.

1. **Appeal and Error—Review—Questions of Fact in Equity Case.**

Where a question of fact arising in the trial of an equity case has been decided in the trial court upon the conflicting evidence, on appeal the evidence will be viewed and considered by the appellate court; but the finding of the trial court will not be disturbed because of alleged insufficiency of the evidence unless it is made to appear that the finding is against the clear weight of the evidence.

2. **Contracts—Validity—Enforcement.**

The general rule is that the courts will enforce contracts as made by the parties, where the conditions called in question are not in violation of law or some fixed rule of public policy.

3. **Same—Party Presumed to Know Conditions of Instruments Under Which He Claims.**

The general rule is that the law will impute notice and knowledge to a party of the conditions of instruments under which he holds or claims title.

4. **Oil and Gas—Leases—Liability for Lien for Labor and Material—Liability and Rights of Assignor of Lease Reserving an Interest.**

Where an owner of an interest in oil and gas rights conveyed by a lease assigns and transfers his interest to another for the purpose of operating the lease, for a part of the production, his rights retained may be subjected to statutory liens of materialmen and oil well drilling contractors the same as the rights acquired by the transferee; and where such transferee breaches his contract to keep the property free of such liens, and the interests of his assignor are wiped out by reason of the breach, it is not error to render judgment against the transferee for the amount the assignor's interests sold for at the lien foreclosure.

5. **Judgment Sustained.**

The record held to support the judgment.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Geo. W. Nix, trustee, against J. E. Brogan et al. From the judgment, Geo. W. Nix, trustee, appeals. Affirmed.

Bellatti & Brown, for plaintiff in error.

Bond, Melton & Melton and W. H. Starkweather, for defendant in error Brogan.

Opinion by SHACKELFORD, C. The plaintiff, Geo. W. Nix, trustee, commenced his action in the district court of Caddo county on the 28th day of April, 1921, for and on behalf of "various individuals" undisclosed by the petition, and against the principal defendant, J. E. Brogan, for the purpose of canceling a lien claim filed by such defendant upon land described as the northwest quarter of southeast quarter of section 11, township 5 north, range 9, west I. M., in Caddo county; and upon all the oil equipment located thereon including a producing oil well; and to quiet title as against the defendant J. E. Brogan. Other parties are made defendants because of ownership of royalty interests in the oil produced from the well. The attack made upon defendant's lien claim is that it is for an exorbitant amount of $36,124.92, when in truth, as is alleged, the plaintiff owes only the sum of $5,225 which plaintiff tenders and offers to pay. The plaintiff prayed that defendant J. E. Brogan be required to accept the amount tendered in full settlement of his lien claim, and for cancellation of his lien, and that the title be quieted as against defendant J. E. Brogan, and for the appointment of a receiver pending the litigation. A receiver was appointed and the property involved was taken charge of and operated by him.

The defendant J. E. Brogan filed answer and cross-petition. By his cross-petition he sought to foreclose his materialman's and mechanic's lien, claiming that the sum of $36,124.92 was due from the plaintiff, and claiming a lien for said sum upon the property involved. Several parties were named in the cross-petition as claiming interests in the property, but such claims are alleged to be junior and inferior to the cross-petitioner's rights in the property. Copy of the lien claim is attached and made a part of the cross-petition. Plaintiff answered the cross-petition of Brogan by general denial. The Tobacco Users Oil Company, a corporation, one of the defendants, filed answer and cross-petition against plaintiff and others of the defendants, seeking to have its rights in the property determined and adjudged to be superior to the rights of the

plaintiff and defendants, other than the fee owners who were also made parties defendant. The pleadings of the various parties are voluminous, but other than above stated seem to be unimportant in a determination of this appeal.

The issues were made up and the case called for trial on the 29th of November, 1922, and the cause tried to the court without a jury. The trial resulted in a finding and judgment in favor of the defendant and cross-petitioner J. E. Brogan against the plaintiff Geo. W. Nix, trustee, in the sum of $27.274.92; and the said sum, together with an attorney's fee in the sum of $2,500 and other costs, were decreed to be a lien on the entire leasehold estate and the oil equipment upon the lease. The trial court, by the judgment, fixed the rights of all the parties, and directed a foreclosure of the lien created in favor of defendant J. E. Brogan; and directed a sale of the property according to the priorities found in favor of the other parties. The court likewise found that the plaintiff had not complied with his contract with the Tobacco Users Oil Company, a corporation, and canceled and set aside the contract under which the plaintiff claimed as against said corporation. The plaintiff Geo. W. Nix, trustee, prosecutes appeal against J. E. Brogan and all the parties as defendants in error. The plaintiff. however, gave no supersedeas bond to stay the judgment, and in due course a special execution and order of sale was issued as directed in the judgment, levy was made upon the property, the property appraised and sale made, at which the defendant J. E. Brogan became the purchaser of the property upon a bid several thousand dollars less than the amount of the judgment; and the sale was confirmed by the court and the entire leasehold and other property involved passed into the hands of J. E. Brogan. The plaintiff in error presents as grounds for reversal, the following:

1. Brogan's evidence is insufficient to support the judgment in his favor.

. The record shows that the greater part of the defendant's claim is for expenses of a fishing job in the oil well. It is not in dispute that J. E. Brogan was to drill a well upon the lease under contract with plaintiff. The plaintiff had agreed to furnish a certain character of casing to be used in the hole. It seems to be admitted that the plaintiff did not comply with this provision of the contract. It is the contention of J. E. Brogan that plaintiff's failure to furnish the character of casing agreed upon,

but did furnish an inferior grade of casing, was the cause of his having trouble with the hole. This was the principal matter in dispute upon the trial. The evidence upon this disputed matter is voluminous and conflicting. The trial court resolved the conflict in favor of J. E. Brogan. We have examined the evidence and are unable to say that the conclusion reached by the trial judge is against the clear weight of the evidence. Under repeated holdings of this court, we are not authorized to disturb the finding of the trial court upon a disputed question of fact because of alleged insufficiency of the evidence, unless it be made to appear that the finding is against the clear weight of the evidence.

2. The plaintiff contends that Brogan waived any claim for damages on account of defective casing, by accepting the casing that was furnished.

There was no express waiver. As to whether there was an implied waiver is primarily a question of fact to be determined from the conduct of the parties. The trial judge, in effect, found there was no waiver, and the record supports the conclusion that there was no waiver by conduct. The contention made is not supported by the record.

3. The plaintiff insists that the defendant J. E. Brogan failed in his proof to show that there was more due him than was tendered in the plaintiff's petition.

The defendant Brogan claimed that there was due him the sum of $36,124.92. The court found that Brogan's evidence did not support the entire claim, and reduced it the sum of $8,665, and found for him the sum of $27,459.92, and rendered judgment for that amount. The amount found to be due and owing to Brogan is supported by the evidence.

4. The plaintiff contends that since a receiver was appointed by the court, plaintiff was not chargeable with negligence in the failure to carry out his contract with the Tobacco Users Oil Company.

It seems that the Tobacco Users Oil Company had and owned certain interests in the oil rights. These rights the company conveyed to the plaintiff by a contract in which the plaintiff agreed to keep the property free from liens in his operations, and if he should fail in so doing his rights under the contract should forfeit to the Tobacco Users Oil Company. It appears from the record that the lien claim of J. E. Brogan was filed sometime early in April, 1921. The court found it was a valid subsisting lien claim upon the property, and amounted to a breach of the contract between the plaintiff and the Tobacco Users Oil Company; and under the contract, to permit the lien to be created upon the property, amounted to a breach. There was another condition of the contract which required the plaintiff to drill a second and other wells upon the lease, if the first was a producing well. This condition of the contract was not complied with. Plaintiff might be excused from the performance of this condition on the theory that the property was in the hands of a receiver appointed by the court. However, it seems to us that it could make little or no difference what orders the court made with reference to canceling the contract between the plaintiff and the Tobacco Users Oil Company, since if the contract was held to be binding upon the Tobacco Users Oil Company in favor of plaintiff, J. E Brogan would have his lien, and if the contract was canceled, it could only affect the matter of priorities, and Brogan would still have his lien, and when the lien was foreclosed and the property sold to satisfy Brogan's judgment, nothing was left for either the plaintiff or the Tobacco Users Oil Company; and Brogan lacked several thousand dollars getting out of the property what was owing to him.

5. The plaintiff contends that the trial court had no power or authority to enforce against plaintiff a provision of plaintiff's contract with the Tobacco Users Oil Company which reads:

"It is specifically understood that if said W. A. Nix, his heirs, successors or assigns, should at any time allow liens for labor or material of any kind, to accumulate against this property, that this assignment shall become null and void and of no effect, and title under the same shall revert back to the Tobacco Users Oil Company, its successors or assigns."

The plaintiff, George W. Nix, was claiming and operating under this contract as between him and the Tobacco Users Oil Company. It was by reason of this contract and an assignment made by the Tobacco Users Oil Company, that the plaintiff, Geo. W. Nix, claimed title to the leasehold. As a consideration for the assignment, the Tobacco Users Oil Company was to receive one-fourth of the oil production to be obtained from the lease. The Tobacco Users Oil Company had turned over to and assigned to W. A. Nix a valuable property interest, which might be wiped out and destroyed so far as it was concerned by reason of liens being created against it. So it was made a condition in the contract that

W. A. Nix should keep the property free of liens of the character named. If W. A. Nix should fail to perform this condition of the contract, it should be null and of no effect, and the property should revert to the assignor. The parties to the contract were contracting against the very situation which the plaintiff, Geo. W. Nix, trustee, permitted to arise. While it seems to be well settled that equity abhors a forfeiture, as contended by the plaintiff, it is also well settled that courts should enforce contracts like the parties make them, where the provisions are not in violation of law or some fixed rule of public policy. It is not contended that the condition of the contract under consideration is in violation of law or public policy, and the record establishes that the court was justified in finding that the plaintiff had signally failed to perform the condition of the contract, and it is apparent that such failure wiped away the valuable interest in the property reserved to it by the Tobacco Users Oil Company.

6. The plaintiff claims that he was not bound by the contract between the Tobacco Users Oil Company and W. A. Nix to drill future wells.

It appears from the record that the rights of the Tobacco Users Oil Company were fixed by an assignment of the oil and gas lease on the 20th of June, 1919. However, it had made its contract with W. A. Nix on June 11, 1919. W. A. Nix entered into negotiations with J. E. Brogan to develop the lease, and a contract was made July 14, 1919. This contract was made in the name of Geo. W. Nix, but was executed by W. A. Nix. It is signed, "Geo. W. Nix, by W. A. Nix." Later on and on April 13, 1920, W. A. Nix passed title by assignment to Geo. W. Nix, who appears here as trustee for undisclosed principals. It is scarcely conceivable that the plaintiff was lacking in knowledge of the contents of all the contracts and assignments made concerning this property at a time before he took his assignment from W. A. Nix. We think the record amply justifies the conclusion that he knew all about the matter, or could have known by prudent inquiry, which he should make into matters into his chain of title. The contention made seems to be untenable.

6, 7. In the 6th and 7th contentions of the plaintiff, it is asserted that J. E. Brogan had no lien upon the one-fourth interest in the production retained by the Tobacco Users Oil Company, and that the court erred in ordering the company's interest sold in the foreclosure of the lien of Brogan, and in rending judgment against the plaintiff.

It seems to us that the record refutes any such contentions, and renders them entirely untenable. The interest reserved by the Tobacco Users Oil Company was a part of the working interest in the oil and gas rights in the lease. It is true that this interest retained was to be satisfied out of production, but it constituted a property right in the working interest in the oil and gas in the land, and a subject-matter upon which the statutory lien might be created. The company had retained an interest in the oil and gas rights conveyed by the lease. W. A. Nix and his assigns were to carry on the operations and development of the lease. It was well known to the company that development operations might and probably would produce conditions where the statutory lien might be created in favor of a materialman or a contractor. The parties to the contract made by the Tobacco Users Oil Company and W. A. Nix had this in mind when they made the contract, and had provided that the contract should be null if Nix permitted liens to accumulate against the property. Furthermore, the plaintiff himself had asserted, in a pleading filed in the case in the trial court, that if Brogan is entitled to a lien it would cover the interest of the Tobacco Users Oil Company in the property as well as the interest of the plaintiff. It seems that the trial court committed no error in holding that plaintiff was bound by the contract between the Tobacco Users Oil Company and W. A. Nix; and in holding that the lien of J. E. Brogan should cover the interest of the Tobacco Users Oil Company, and in ordering the foreclosure against it; nor in rendering judgment against plaintiff in favor of the Tobacco Users Oil Company for the amount for which its interest in the property should sell, in protecting the lien of J. E. Brogan.

The judgment of the trial court properly disposes of the questions raised upon the trial, and the interests of the various parties in the litigation. We find no reversible error. The judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 897, § 2867; 901, § 2870. (2) 13 C. J. pp. 542, § 513; 567, § 533. (3) 39 C. 27 Cyc. pp. 775 (Anno). 783 (Anno). 4 C. J. p. 1129, § 3122.