**Bruce RIDDLE et al., Plaintiffs in Error,**

v.

**Cecil D. JAY, Defendant in Error.**

**No. 38997.**

Supreme Court of Oklahoma.

Oct. 25, 1960.

Rehearing Denied Nov. 22, 1960.

Emerson R. Phillips, Pawnee, for plaintiffs in error.

Marvin T. Johnson, Tulsa, for defendant in error.

JACKSON, Justice.

This is a quiet title and partition action involving certain real property, to-wit:

The East one-half (E½) of Lot seven (7) in Block Twenty-one (21) of the City of Pawnee, Pawnee County, State of Oklahoma.

Plaintiffs deraign their alleged title from the probate proceedings in the matter of the estate of George W. Hughes, deceased, who died testate in the year 1913.

The pertinent provisions of the last will and testament of George W. Hughes, deceased, are, as follows:

"I hereby give, devise, and bequeath to my beloved wife Sarah E. Hughes a life estate in all the rest, residue and remainder of my estate, real, personal or mixed wheresoever situated, whereof, I may be seized or possessed, or to which I may be in any manner entitled, or in which I may be interested, at the time of my death to have and to hold for and during her life time, and to have and use all the profits, interests and income from the same for her own use and benefits; and upon her death, or upon my own death if I shall survive my wife I hereby will and direct that my entire estate shall be equally divided into as many portions or shares as there may be children of mine living, or deceased leaving issue, one of said portions or shares of my estate shall be set over, conveyed and assigned to each of my said children, and one of such shares or portions to be lawful issue of any of said children who shall be dead at such time, such issue to have the share or portion that their parent would have been entitled to if living."

The pertinent provisions of the decree of distribution in the County Court of Pawnee County, Oklahoma, are, as follows:

"All the rest, residue and remainder of said property real and personal and mixed wheresoever located to the said Sadie E. Hughes, to have and to hold to her own use and benefit for and during the rest of her natural life, and upon her death to Rella Z. Riddle, Grace O. Jay, Owen R. Hughes and Emily M. Hughes, each an undivided one-fourth interest, to have and to hold the same together with all and singular the hereditaments and appurtenanc-

es thereunto appertaining of the above named persons, their heirs and assigns forever.

"Witness my hand and seal of said Court, this 1 day of October, 1925."

Sadie E. Hughes was the wife of the testator. Rella Z. Riddle, Grace O. Jay, Owen R. Hughes and Emily M. Hughes were the children of the testator. All were living at the time of the death of the testator.

On December 14, 1915, Rella Z. Riddle executed and delivered a warranty deed covering the property in question to defendant, Cecil D. Jay. Rella Z. Riddle died in 1957, prior to the death of Sadie E. Hughes (adjudged in the Final Decree to be one and the same person as Sarah E. Hughes) in 1958.

Plaintiffs are the children and grandchildren of Sadie E. Hughes. Their contention is that under provisions of the decree of distribution, the vesting of the fee-simple title to the property in question was withheld until the death of the life tenant, Sadie E. Hughes; that inasmuch as Rella Z. Riddle died prior to the death of the life tenant, she never acquired any interest in the said property, and her deed to defendant Cecil D. Jay was a nullity; that upon the death of the life tenant plaintiffs became owners of an undivided one-fourth interest in and to said property, not as heirs of Rella Z. Riddle, but as beneficiaries in the final decree and will in the estate of George W. Hughes, deceased.

We agree with plaintiffs' statement in their brief that "this whole law suit hinges squarely upon the interpretation this Court gives the Final Decree * * *."

▮ It is well settled that a County Court has jurisdiction in probate cases to construe a will and determine the beneficiaries and the interest and proportion of the estate to which each is entitled. Matthewson v. Hilton, Okl., 321 P.2d 396; In re Everhart's Estate, 208 Okl. 101, 253 P.2d 174; Porter v. Hansen et al., 190 Okl. 429, 124 P.2d 391; Gassin v. McJunkin, 173 Okl. 210, 48 P.2d 320; National Exploration v. Robins, 140 Okl. 260, 283 P. 236.

▮ The decisive question for our determination, then, is whether under provisions of the final decree Rella Z. Riddle acquired a vested one-fourth interest in the property in question subject to the life estate of Sadie E. Hughes, or whether the vesting of the fee-simple title was withheld or postponed until the death of the life tenant.

In Baldwin v. Chappell, 105 Okl. 38, 231 P. 496, 498, the final decree of distribution contained a clause, as follows:

"'To Emma Baldwin, a life estate in the southeast quarter of section 3, in township 11 N., of range 21 W., I. M., remainder in fee to Melvin R. Baldwin, his heirs and assigns.' * * 'And in case of his death before said remainder vests, then to his heirs and assigns.'"

After this decree became final a controversy arose as to the legal effect of the final decree.

Plaintiff therein contended that under the quoted provisions of the final decree, Melvin R. Baldwin was given only a contingent remainder, dependent upon his outliving his mother, Emma Baldwin, the life tenant, and that unless he outlived her the remainder would never be vested in him. At pages 498 and 499 of 231 P. this court said:

"The law fixes when the remainder created by the will, as was created here in favor of Melvin R. Baldwin, shall vest. There is no doubt but that it vests when the will takes effect. The will passed the remainder in fee to Melvin R. Baldwin, to vest upon the death of the testator. * * * The only contingency suggested by the language of the will is the possibility that Melvin R. Baldwin might die before the estate would vest, that is, he might die in the lifetime of the testator. But he survived the testator, and the will went into effect, and the remainder in fee vested in Melvin R. Baldwin and

destroyed any possibility of the children of Melvin R. Baldwin taking under the will. * * * The right to convey a life estate, such as was given to Emma Baldwin, and to convey a vested remainder, such as passed to Melvin R. Baldwin, is unquestioned. Such conveyance is authorized by all the authorities."

We conclude that the final decree of distribution in the instant case vested a life estate in Sadie E. Hughes and the fee-simple remainder in the property in question in equal shares to the four named children of the testator. It follows that the deed from Rella Z. Riddle, one of the children, to defendant Cecil D. Jay was a valid conveyance of a one-fourth interest in the fee-simple title, subject only to the life estate, of Sadie E. Hughes, which terminated with her death in 1958.

In view of our conclusion that Rella Z. Riddle had a vested interest under provisions of the final decree, the authorities cited by plaintiffs, Whitten et al. v. Whitten, 203 Okl. 196, 219 P.2d 228, and 33 Am. Jur. Life Estates, Remainders, Etc., § 150, pertaining to contingent remainders, are not controlling.

The judgment is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD and IRWIN, JJ., concur.

WELCH, JOHNSON and BERRY, JJ., dissent.

BERRY, Justice (dissenting).

As I read the provision of testator's will which is in controversy, it is clear that in the event his wife survived him, testator intended to create a life estate in his wife in the property in controversy and a contingent remainder in his children and grandchildren. The interest of testator's children in the property was wholly contingent upon their surviving the life tenant who was their mother. The interest of the grandchildren was wholly contingent upon their parent, who was a contingent remainder-

man, predeceasing the life tenant. In view of the fact that the grantor (Rella Z. Riddle) of the deed in controversy died prior to the death of the life tenant, the contingent interest resting in Rella never came into being and to the contrary, upon her death, said interest vested in her children who took the interest not as grantor's heirs but as contingent remaindermen under testator's will.

At p. 500 of "Patton on Titles", it is said that "when a contingent remainder is transferred, it is, of course, subject to the same contingencies in the hands of the assignee as it was before * * *." At p. 617, Sec. 150, 33 Am.Jur. "Life Estate and Remainders", it is said that "While a contingent remainder may, by statute, be transferred by a warranty deed so as to vest the title in the grantee, where the grantor of such an interest dies before the contingency happens upon which the estate is to vest, nothing passes by the deed."

If the provisions of the will and deed alone are considered, it is clear that Rella's grantee (Cecil D. Jay) only took Rella's contingent interest in the property which interest expired upon Rella's dying prior to the life tenant's death. It follows that if Rella's grantee is to prevail herein, it must be on the theory that the doctrine of res judicata or estoppel by judgment or the rule of after-acquired title served to create a title in him and served to vest in him an interest that he otherwise would not have.

The doctrine of res judicata or estoppel by judgment is not applicable. The deed in controversy was executed in 1915 and the probate proceeding in which the final decree was rendered was not instituted until the 1920's, which means that Rella's grantee acquired his asserted title *before* and not *after* the proceedings to probate the will were instituted. In Morrissey v. Shriver et al., 88 Okl. 269, 214 P. 702, this was said in the second paragraph of the syllabus:

"The general rule is that no one, except the parties and their privies, is bound by a judgment and a party is not

a privy to a judgment involving property or a right, unless he acquires his interest either after suit is brought in which the title or right is involved, or after judgment was rendered."

Under "Judgment", Vol. 9, West's Okla.Dig., a number of cases to the same effect as the foregoing case are cited.

A person who is not bound by a judgment cannot, as a general rule, urge the judgment as res judicata. This is said in the 7th paragraph of the syllabus to De Watteville et al. v. Sims, 44 Okl. 708, 146 P. 224:

"A person who would not have been bound by a judgment against the party in whose favor it was rendered cannot, as a general rule, avail himself of such judgment as res judicata, as such judgment is ordinarily wanting in the requisite mutuality of effect upon the person pleading and the person against whom it is plead."

See also 50 C.J.S. Judgments § 756, p. 275.

If the converse of the situation before us were presented, it would be clear that the final decree would not conclude Rella's grantee. In brief, if testator had bequeathed to Rella vested remainder and the county court had construed testator's will as bequeathing only a contingent remainder, the decree would not be binding upon Rella's grantee and serve to destroy the interest that Rella conveyed to him. Since the decree is not binding upon the grantee as a stranger to the probate proceeding, he is not in a position to assert the final decree as res judicata.

In the fourteenth paragraph of the syllabus to Cressler v. Brown et al., 79 Okl. 170, 192 P. 417, 418, this was said:

"The general rule is that estoppel by judgment must be mutual."

Also see 30A Am.Jur. "Judgments", Sec. 392, p. 440, where it is said that "The general rule is that an estoppel resulting from a judgment is equally available to either party in a subsequent action. * * * The requirement of mutuality has also been stated in the form that no party is bound in a subsequent suit by a judgment, unless the adverse party, now seeking to secure the benefit of the former adjudication, would have been prejudiced by it if it had been determined the other way." And see 50 C.J.S. Judgments § 789, p. 327.

It is apparent to me that under the facts of this case, Rella's grantee is not in a position to urge that the final decree estops Rella's children from asserting their interest in the property in controversy.

To my way of thinking, the rule of after acquired is not applicable under the facts of this case. The referred-to rule is based upon an estoppel (see cases cited under "Estoppel", Vol. 6A, West's Okl.Dig. and 16 Am.Jur., "Deeds", Sec. 340, p. 632) which arises where a grantor (1) conveys a certain interest and (2) covenants that he is seized of said interest. It is the grantor and those that claim by, through or under him that are estopped and not persons who do not so claim. As heretofore pointed out, Rella's children claim under testator's will and not as the heirs of Rella. At 4 Am. Jur., "Assignments", Sec. 60, p. 277, this is said:

"* * * A transfer of an expectancy has been held binding on the heirs of the grantor. But where the one making the transfer dies before his ancestor, the transfer is not valid as against his heirs, who, in such case, take as heirs of the ancestor, and not as heirs of the grantor."

In Nix v. Brogan et al., 118 Okl. 62, 251 P. 753, we said in the third paragraph of the syllabus that "The general rule is that the law will impute notice and knowledge to a party of the conditions of instruments under which he holds or claims title." I am, therefore, of the opinion that Rella's grantee is charged with the provisions of the will, which will forms the basis of Rella's asserted title to the property in question. If this Court were to adhere to the rule that subsequently acquired title will not inure to the benefit of a grantee who knew of the deficiencies in his grantor's title (31 C.J.S. Estoppel § 21, p. 205) Rella's grantee could not in any event rely upon the Final Decree as creating title in Rella.

I am of the conviction that Jay as Rella's grantee cannot, for reasons given, base his asserted interest in the property in controversy on the Final Decree rendered in the probate proceeding. To my way of thinking, the only interest that Jay acquired in the property was Rella's interest therein at the time she made a deed to him. Her interest at said time was wholly contingent upon her surviving the life tenant, and since she predeceased the life tenant, her interest and that of Jay terminated. Rella's death, prior to that of the life tenant, was the event that caused the interest that she would have taken had she lived to pass to her children, not as her heirs but as contingent remaindermen under the provisions of testator's will.

I therefore respectfully dissent from the majority opinion.

I am authorized to state that Mr. Justices WELCH and JOHNSON concur in the views herein expressed.