Glen C. GOODWIN, Guardian of the Person and Estate of Rachel M. Everett, formerly Rachel M. Miller, Plaintiff,

v.

Carmen THOMAS, Rita Scott, Ruth Tate, Lenore Wohlfeld, also known as Lee Wholfeld, Mildred Wills, also known as Mildred Wells, Defendants.

Civ. A. No. 64–70.

United States District Court
W. D. Oklahoma.

Aug. 8, 1964.

Jack L. Rorschach, Vinita, Okl., John A. Ruth, Kingfisher, Okl., Jere G. Crowley, Enid, Okl., for plaintiff.

J. C. Drennan, Drennan & Drennan, Medford, Okl., for defendants.

BOHANON, District Judge.

In this diversity action, plaintiff seeks to quiet title to certain real estate located in Grant County, Oklahoma, and hereinafter described. The plaintiff is a citizen of the state of Oklahoma, and all of the defendants are citizens of other states. The amount in controversy meets the jurisdictional requirements of the Federal Courts.

The facts are that in 1907 Dr. Edward B. Miller, of Wakita, Oklahoma, married his first wife, Pat. In 1908 a daughter was born of this marriage, who was named Evelyn E. Miller. Shortly thereafter Dr. Miller and his wife were divorced. Evelyn E. Miller and her mother thereafter moved to Missouri. After the formal education of Evelyn E. Miller, she moved to Philadelphia, Pennsylvania, where she practiced medicine until the time of her death on December 23, 1962.

Sometime in 1914, Dr. Miller married the plaintiff. No children were born of this marriage. Dr. Miller died testate in 1948, and his second wife, Rachel, remarried, and her name is presently Rachel M. Miller Everett. After the institution of this action, Rachel M. Miller Everett was declared an incompetent person, and on the 23rd day of April, 1964, Glen C. Goodwin was appointed Guardian of her person and estate, and the Guardian appears as the plaintiff here.

At the time of his death, Dr. Miller left as a part of his estate real estate described below.[1] In Dr. Miller's Will,

1. Southwest Quarter (SW/4) of Section 9; the Northwest Quarter (NW/4) of Section 16; the Northeast Quarter (NE/4) of Section 21; all in Township 28 North, Range 7 West of the Indian Meridian; and the Southeast Quarter (SE/4) of Section 24, Township 29 North, Range 7 West of the Indian Meridian, all located in Grant County, Oklahoma.

about which there is no dispute, he provided:

"2. I give, devise and bequeath to my wife, Rachel M. Miller, a life estate in the following described real estate, to-wit:

(Being the property described in footnote #1.)

"At the death of my wife, Rachel M. Miller, the above described real estate shall go in fee simple to my daughter, Evelyn E. Miller. * *

"4. All of the rest and residue of my property, real and personal, of every kind, and wherever situated, whether vested or contingent at the time of my death, I devise and bequeath to my wife, Rachel M. Miller, absolutely free and clear of any restrictions whatsoever."

The estate of Dr. Miller was duly probated in the County Court of Grant County, Oklahoma, and there is no question concerning the validity of the probate proceedings. The Final Decree of the County Court provided:

"The Court further finds that the following described real estate belonging to the deceased at the time of his death, remains undisposed of, and that it is not necessary to dispose of the same to pay any debts of the deceased, special bequests, family allowances, or costs of administration, to-wit:

(Here is described the four quarter sections of land as set out under footnote #1.)

"which go in accordance with the terms of the will of said deceased, a life estate to Rachel M. Miller, widow of said deceased, and at the death of Rachel M. Miller, in fee simple, to Evelyn E. Miller, daughter of said deceased. * * *"

* * *"

"The Court further finds that the deceased died testate and the property of said estate should descend according to the Will, and under the provisions of the same all of the prop-

erty belonging to said estate, which is not heretofore specially disposed of, is the property of the following named persons, and to be taken by them in the proportions hereinafter specified, to-wit: Rachel M. Miller, widow of said deceased, all of said property."

Under the law of succession of the State of Oklahoma, the deceased left as his sole and only heirs Rachel M. Miller, his widow, and Evelyn E. Miller, his daughter.

On or about December 23, 1962, Evelyn E. Miller died at Philadelphia, Pennsylvania. The widow of Dr. Miller, Rachel M. Miller Everett, now an incompetent person, is still living. Evelyn E. Miller died testate, and under the terms of her Will the defendants in this case are and were named as her devisees. Only one of these devisees, Ruth Tate, was related to Evelyn. There is no question relating to the validity of the Will of Evelyn, which is in the process of being probated in the County Court of Grant County, Oklahoma. Evelyn, in her Will, whatever significance it may have, devised the specific property here in question to the defendants. She at least felt that she was the owner of this land, subject to the life estate of Rachel.

Dr. Miller, as revealed by the Final Decree of the County Court of Grant County, in his estate, left considerable property to his wife, other than the life estate of the property involved in this case.

It should be noted that the Court granted, at the request of the plaintiff, the right to produce competent oral testimony as to the intention of the testator, Dr. Miller, at the time of the execution of his Will. Evidence was introduced directed to this question, but at best this testimony shows only that Dr. Miller and his daughter, Evelyn, had little or no contact after her early infancy.

The contentions of the parties are clearly stated in a Pretrial Order filed May 6, 1964. The plaintiff's contentions are as follows:

(a) The intention of the testator Dr. Ed. B. Miller when he executed the will in question was to vest a life estate in the four (4) farms described in the petition herein in his wife, Rachel M. Miller, and that at the death of Rachel M. Miller the said farms would then go in fee simple to the daughter, Evelyn E. Miller, if she survived Rachel M. Miller, now Everett.

(b) In the next paragraph in the will he did give, devise and bequeath to Evelyn E. Miller, "absolutely free and clear of any restrictions whatsoever," two quarter sections of land.

(c) In the next paragraph in the will the testator provided all the rest and residue of his property, real and personal, "whether vested or contingent at the time of my death, I devise and bequeath to my wife, Rachel M. Miller," and this included the Base and Remainder estate after the life estate of Rachel M. Miller.

(d) The provisions in the will placing the title to the said four (4) farms in Rachel M. Miller during her lifetime still exists and now that Evelyn E. Miller departed this life December 23, 1962, she having received a contingent interest, which ceased to exist at her death.

(e) It was the intention of the testator that the farms would go only to Evelyn E. Miller, and to her only, if she survived Rachel M. Miller, in the will by which the farms could pass to any heirs, devisees or representatives of Evelyn E. Miller.

(f) That the devise as contained in paragraph 2 of the will concerning the four (4) farms stated that "the above described real estate shall go in fee simple" which would only have been possible at the death of Rachel M. Miller since a "fee simple" title cannot be held at the same time that a life estate is outstanding.

(g) That the contingency as set forth by the testator never occurred and that no estate in the four (4) farms ever vested in Evelyn E. Miller.

(h) That three of the four defendants claiming title under the terms of the will of Evelyn E. Miller, are complete strangers to the testator, and the law favors vesting of title in the widow of the testator in preference to complete strangers to the testator.

The defendants' contentions are as follows:

(a) That it was the intention of the testator to make a present devise of the four (4) farms to his daughter, Evelyn E. Miller.

(b) That under the terms of the will there was an immediate vesting of title to the said four (4) farms in Evelyn E. Miller at the time of the death of Dr. Edward B. Miller, subject to the life estate of Rachel M. Miller.

(c) That under the terms of the will of Evelyn E. Miller the claiming defendants have inherited all of the interest that Evelyn E. Miller had in and to the said four (4) farms.

(d) The last will and testament of Evelyn E. Miller now being probated in the County Court of Grant County, Oklahoma, does provide that title to said property is to vest in the claiming defendants subject to the life estate of the plaintiff.

Reduced to essentials, the contentions of the parties are: (1) From a reading of the Will did Dr. Miller intend by his Will to create a life estate in his widow, Rachel, with the remainder over to his daughter, Evelyn E. Miller; or (2) did he intend by his Will to create only a contingent remainder to or for his daughter, Evelyn.

■■ The prime and paramount consideration in construing a Will is to determine the intention of the testator. What did he mean by the language and words of his Will? Certainly the Will is not as clear as to the testator's intentions as it could have been written. I conclude, however, under the language of the Will and the Final Decree of the County Court of Grant County, Oklahoma, that Rachel M. Miller Everett, at the instant of death of Dr. Miller, took only a life estate in the lands involved in this case, and that the devisees under the Will of Evelyn E.

Miller at that same instant took the fee simple title to said lands, subject only to said life estate.

The Supreme Court of Oklahoma, in Oberlander, et al. v. Eddington, 391 P.2d 889, held that where a decree of distribution grants a life estate in real property to one person and the remainder in fee simple to others, both estates become vested estates upon the entry of the decree. In this case, W. J. Gangloff by Will devised to his wife, Mary, a life estate in certain land, and then provided as follows:

" * * *  and after the natural term of life of my said dear wife, my remaining real estate shall be divided between my children in as many shares as there be children, share and share alike, and if my children or one, or all, should die leaving any of theyr (sic) children (in other words my grandchildren) shall have the share of theyr (sic) parents."

The testator died in Illinois, leaving his wife, Mary, and a daughter, Esther, who became by marriage Esther Oberlander. Another daughter, Wilma, was born after his death. The Final Decree in the proceedings of the testator's estate entered May 20, 1914, provided:

" * * *  that at her death said real estate shall pass to the said Esther Maybelle Gangloff and Wilma Anna Gangloff, share and share alike, and the said Esther Maybelle Gangloff and Wilma Anna Gangloff are hereby each declared to have an undivided one half interest in and to said real estate to-wit: the north half of section thirty six in township three north of range twenty-two west, subject to a life estate therein hereby granted the said Mary Gangloff, the wife of the said deceased.

"To have and to hold the same, together with all and singular the tenements, hereditaments and appurtenances thereto appertaining, to the persons above named, their heirs and assigns forever."

Wilma, one of the daughters of the deceased, married Harold Eddington, Sr., the plaintiff. Harold Eddington, Jr. was born on September 16, 1936, and Wilma died November 8, 1939. The widow, Mary Gangloff, the life tenant, died in July, 1956, thus ending the life estate.

Harold Eddington, Jr., as the only child of Wilma, claimed to be the owner of all of his mother's one-half interest in the land upon the death of the life tenant. It was contended by the defendant there, as here, that the Will expressed a clear intent on the part of the testator that the interests of the named and described beneficiaries should be determined and vest upon the termination of the life estate. Plaintiff contended that the Final Decree entered in 1914 granted a vested remainder in fee to Wilma, and upon her death he and his son, Harold, Jr., inherited, in equal shares, her one-half interest in the land, subject to the life estate.

The Court held that Wilma, upon the death of the testator, had a vested remainder at the time the Final Decree was entered in 1914 and that upon her death the plaintiff, and Harold, Jr., each inherited her one-half interest in the property. See Whitmore v. Smith, 94 Okl. 90, 221 P. 775.

The Oklahoma Supreme Court, in Riddle v. Jay, 356 P.2d 1074, held that a vested remainder subject to a life estate was created by virtue of the terms of the Will of one George W. Hughes. Hughes died testate in 1913 and left a Will which in pertinent part provides:

"I hereby give, devise and bequeath to my beloved wife, Sarah E. Hughes a life estate in all the rest, residue and remainder of my estate, real, personal or mixed wheresoever situated, whereof, I may be seized or possessed, or to which I may be in any manner entitled, or in which I may be interested, at the time of my death to have and to hold for and during her life time, and to have and use all the profits, interests and income from the same for her own use and benefits; and upon her death, or upon my own death if I shall survive

my wife I hereby will and direct that my entire estate shall be equally divided into as many portions or shares as there may be children of mine living, or deceased leaving issue, one of said portions or shares of my estate shall be set over, conveyed and assigned to each of my said children, and one of such shares or portions to be lawful issue of any of said children who shall be dead at such times, such issue to have the share or portion that their parent would have been entitled to if living."

The Final Decree in the estate of the deceased reads:

"All the rest, residue and remainder of said property real and personal and mixed wheresoever located to the said Sadie E. Hughes, to have and to hold to her own use and benefit for and during the rest of her natural life, and upon her death to Rella Z. Riddle, Grace O. Jay, Owen R. Hughes and Emily M. Hughes, each an undivided one-fourth interest, to have and to hold the same together with all and singular the hereditaments and appurtenances thereunto appertaining of the above named persons, their heirs and assigns forever.

"Witness my hand and seal of said Court, this 1 day of October, 1925."

Sadie E. Hughes was the wife of the testator. Rella Z. Riddle, Grace O. Jay, Owen R. Hughes and Emily M. Hughes were children of the testator and living at the time of his death. In 1915 Rella Z. Riddle conveyed, by warranty deed, the property in question to the defendant Cecil D. Jay. Rella died in 1957, prior to the death of Sadie. The plaintiffs, the children and grandchildren of Sadie, contended that under the provisions of the Decree of Distribution the vesting of the fee simple title to the property in question was withheld until the death of the life tenant, Sadie; and that inasmuch as Rella died prior to the death of the life tenant, no interest vested in her to the property and therefore her deed to the defendant, Cecil D. Jay, was a nullity; and that upon the death of the life tenant, plaintiffs became the owner of the undivided one-fourth interest in and to said property, not as heirs of Rella, but as beneficiaries under the Final Decree and Will of George W. Hughes. The Oklahoma Supreme Court held that the Final Decree of Distribution vested a life estate in Sadie E. Hughes and the fee simple remainder in the property to the four named children of the testator, and that the deed from the defendant Rella Z. Riddle to the defendant Cecil D. Jay was a valid conveyance of one-fourth interest in the fee simple title, subject only to the life estate. Cf. Baldwin v. Chappell, 105 Okl. 38, 231 P. 496.

It appears quite obvious to the Court in the reading of the Will of the testator and the Final Decree of the County Court of Grant County, Oklahoma, and the decisions of the Supreme Court of Oklahoma, that Rachel M. Miller, now Everett, at the instant of death of the testator, acquired a life estate in the property in question, and the fee simple title, subject to said life estate, vested in the devisees of Evelyn E. Miller, the defendants in this case.

The defendant Mildred Wills, also known as Mildred Wells, has disclaimed any interest in the property.

Based upon the findings of fact and conclusions hereinabove stated, a Decree will be entered in favor of the defendants Carmen Thomas, Rita Scott, Ruth Tate, and Lenore Wohlfeld, also known as Lee Wholfeld, quieting their title to the land described herein and decreeing that they are the owners in fee simple of both the legal and equitable title to said land, subject to the life estate of Rachel M. Miller, now Rachel M. Miller Everett, and subject to the administration of the estate in the County Court of Grant County, Oklahoma, of Evelyn E. Miller, deceased.