Glen C. GOODWIN, Guardian of the Person and Estate of Rachel M. Everett, formerly Rachel M. Miller, Appellant,

v.

Carmen THOMAS, Rita Scott, Ruth Tate, Lenore Wohlfeld, also known as Lee Wholfeld, and Mildred Wills, also known as Mildred Wells, Appellees.

No. 7920.

United States Court of Appeals
Tenth Circuit.

May 13, 1965.

Jack L. Rorschach, Vinita, Okl., and John A. Ruth, Kingfisher, Okl. (Jere G. Crowley, Enid, Okl., on the brief), for appellant.

J. C. Drennan, Medford, Okl. (Drennan and Drennan, Medford, Okl., on the brief), for appellees.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant commenced this action as a suit to quiet title to several Oklahoma farm tracts. Jurisdiction is based upon diversity of citizenship. The issue is the proper construction to be given to certain devises in the will of the decedent, Dr. Edward B. Miller, as decreed in probate proceedings by the County Court of Grant County, Oklahoma. In these proceedings, the probate court found that the property of the decedent should pass in accordance with his will, and entered its "Decree of Final Settlement and Distribution," portions of which are here in question.

The plaintiff-appellant is the widow of the testator, and in her action claims the entire interest in the real estate in

question. The defendants-appellees are the devisees under the will of the daughter of the testator who survived him but who predeceased the testator's widow. The trial court found for the devisees of the daughter, holding that the daughter upon the testator's death held a vested remainder, and that the widow had no more than a life estate in the property. The widow has taken this appeal. The opinion of the trial court appears at 232 F.Supp. 193.

The decree of the county court, after a description of the four tracts, states as follows, "which go in accordance with the terms of the Will of said deceased, a life estate to Rachel M. Miller, widow of said deceased, and at the death of Rachel M. Miller, in fee simple to Evelyn E. Miller, daughter of said deceased." The court continued as to other tracts which are not involved in this litigation and which were left outright to either the daughter or the widow. As to the farm which went outright to the daughter, the court said, "which goes in accordance with the Will of said deceased, to this daughter, Evelyn E. Miller, in fee simple, free and clear of any restrictions whatever, * * *." The court as to the lots which went to the widow, after describing them, stated, "which goes in accordance with the Will of said deceased to Rachel M. Miller, widow of said deceased in fee simple." This latter provision of the decree was in accordance with the residuary clause of the will. The will in disposing of the balance of the estate of the decedent in the residuary clause provides that it go "absolutely free and clear of any restrictions whatever" to appellant.

As indicated above, the portion of the decree with which we are here concerned is the one first quoted above and which provides that a life estate shall go to the appellant and continues in the same sentence to state, "and at the death of Rachel M. Miller, in fee simple to Evelyn E. Miller, daughter of said deceased."

 Under Oklahoma law, this action is basically one to construe the decree of the County Court of Grant County in the probate proceedings rather than to construe the will of the decedent. Riddle v. Jay, 356 P.2d 1074 (Okl.); Crane v. Howard, 206 Okl. 447, 244 P.2d 559. However, this presents no particular problem as there is no fundamental inconsistency between the will and the decree.

 It is the basic position of the appellant that by the wording of the decree and of the will, any estate or interest of the daughter through which the appellees claim would have vested or have arisen only in the event she survived appellant. The appellant thus urges that the words "at the death of my wife," refer to and designate the time in which the estate of the daughter could vest. On this point the appellant also argues that the estate of inheritance under Oklahoma law can only arise in the daughter upon the death of the widow, and since she predeceased the widow those claiming under the will of the daughter can take nothing. Thus it is the appellant's position that the trial court was in error in finding that the daughter had a vested remainder at the time of her father's death, and instead should have held that appellant has now the entire interest under the residuary clause.

The Oklahoma Supreme Court on several occasions has considered similar provisions in wills and decrees in cases where the issue was whether the remainder was vested or "determined" upon the testator's death (or by the decree), or at the termination of the life estate. The parties argue the application of the case of Oberlander v. Eddington, 391 P.2d 889 (Okl.Sup.Ct.1964), to the case at bar. The trial court in its opinion considered the cited case and Riddle v. Jay, 356 P.2d 1074, to be decisive of the issues.

In Oberlander v. Eddington, supra, the court had before it a decree which stated that the widow had a life estate and

"* * * that at her death said real estate shall pass to [daughters] and the said [daughters] are hereby each declared to have an undivided

one half interest in and to said real estate, * * * subject to a life estate therein hereby granted [the widow] * * *. To have and to hold * * *."

The court there held that the decree granted a vested remainder in fee simple in the daughters, and upon the death of one of the daughters during the existence of the life estate this remainder passed to the daughter's heirs. The decree in the cited case is similar to the one with which we are here concerned. In the cited case the decree in referring to the widow and her life estate uses the words "at her death" to refer to the passage of the "real estate" to the remaindermen. The decree in the case at bar after reference to the life estate in the widow said "at the death of [the widow], in fee simple to * * * daughter of said deceased." In the Oberlander decree the court went somewhat further than in the case at bar, and using the present tense stated that the daughters were declared to have an undivided interest. This difference is not however sufficient to distinguish the Oberlander case from the one at bar.

In Riddle v. Jay, 356 P.2d 1074, the Oklahoma Supreme Court considered a decree which provided the widow to have and to hold during the rest of her natural life, "and upon her death to [children], each an undivided one-fourth interest, to have and to hold * * * their heirs and assigns forever." One of the children conveyed her interest and died before the death of the holder of the life estate. One question was whether the remainder vested upon testator's death or upon the death of the life tenant. There was also present a basic question as to the effect to be given the final decree. The majority of the court held that the remainder was vested by virtue of the decree of the probate court, hence the conveyance of the remainder before the death of the life tenant was effective. This holding is very significant in consideration of the case at bar. The dissent disagreed as to the force of the decree. The majority stated that

Whitten v. Whitten, 203 Okl. 196, 219 P.2d 228, was not applicable.

The authorities clearly state the controlling Oklahoma law, and when applied to the case at bar compel the conclusion that the interest of the daughter of the testator was a vested remainder at the time of her death subject to the appellant's interest which was limited to a life estate.

Appellant urges that the absence from the will and from the decree of the phrase "give, devise and bequeath," indicates an intention that there was to be no present vesting, as does the absence of "or her heirs" in reference to the daughter. In this connection it should also be noted that this portion of the will and decree expressly gives a life estate to appellant, and if we follow appellant's argument that testator intended a contingent remainder, there is also no express provision in this paragraph to take care of a failure of the contingency to occur. The absence of the "give, devise and bequeath" wording is not significant under these circumstances either as to the life estate or the remainder. This absence must be set against the presumption of early vesting which is important, contrary to appellant's view, because the decree is not clear.

The appellant also strongly urges that the use of the term "fee simple" in the questioned phrase shows that such an estate was to arise only if the remainderman survived the life tenant. The term however also can just as strongly be argued to mean that such an estate was to be enjoyed in the sense of a possessory interest at such time. This is apparently the view of the trial court, and is supported as a reasonable construction of the decree.

The authorities cited by the appellant, including Whitten v. Whitten, 203 Okl. 196, 219 P.2d 228; Atchison v. Dietrich, Okl., 315 P.2d 265; Norris v. Oklahoma Tax Comm'n, Okl., 350 P.2d 246, and several others, arose from circumstances where the remainderman could not be determined until the occurrence of some future event. These are cases where the

remainder is clearly contingent, and are not persuasive on the issues here presented.

The appellant urges that the intention of the testator should govern, 84 Okl. Stat. §§ 158, 159; that the will should be considered as a whole, and that technical words should be given their full effect, 84 Okl.Stat. § 161. Malone v. Herndon, 197 Okl. 26, 168 P.2d 272. There can be no disagreement with these fundamentals, and the trial court clearly applied them in reaching its findings and conclusions, as appears in its opinion. The record shows however that there was little by way of fact except the provisions of the decree to assist the court. The witnesses' testimony as to testator's intent was not persuasive.

The findings of the trial court are well supported by the record, and the case is affirmed.